CHARITY HUNGERFORD, Respondent, *v.* ORRIN HUNGERFORD, Appellant.

HUSBAND AND WIFE — RESCISSION OF SEPARATION AGREEMENT.
The rule that contracts between husband and wife are only upheld in equity where they are fair, applies to a separation agreement, found to afford an inadequate support to the wife and executed by her unadvisedly and imprudently as a result of her husband's prior ill-treatment; and she will be permitted to rescind the agreement upon restoring to him so much of the consideration as she has not already expended for her own support.
*Hungerford* v. *Hungerford*, 16 App. Div. 612, affirmed.

(Argued January 22, 1900; decided February 6, 1900.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered

April 20, 1897, affirming a judgment in favor of plaintiff entered upon the report of a referee.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Henry Purcell* for appellant.   The agreement between the parties having been executed and acted upon for upwards of three years should not be condemned as being contrary to or against public policy. (*Clark* v. *Fosdick*, 118 N. Y. 7; *Galusha* v. *Galusha*, 116 N. Y. 635; *Duryea* v. *Bliven*, 122 N. Y. 567; 1 Bish. on Mar. & Div. [6th ed.] §§ 631, 636, 670; Stewart on Mar. & Div. §§ 184, 192; *Tallinger* v. *Mandeville*, 113 N. Y. 427; *Carson* v. *Murray*, 3 Paige, 483; *Pettit* v. *Pettit*, 107 N. Y. 677; *Carpenter* v. *Osborn*, 102 N. Y. 552; Bish. on Mar. & Div. §§ 637, 650; *Calkins* v. *Long*, 22 Barb. 97; *McGee* v. *McGee*, 67 Barb. 487; *Wallace* v. *Bassett*, 41 Barb. 92.)

*Arthur L. Chapman* for respondent.   Plaintiff and defendant being husband and wife, the burden was thereby cast upon him to show, either by direct proof or circumstances, that the agreement of October 12, 1892, was free from fraud and undue influence, and that plaintiff acted without restraint and under no coercion or pressure, direct or indirect. (*Ten Eyck* v. *Whitbeck*, 156 N. Y. 353; *Boyd* v. *De La Montagnie*, 73 N. Y. 502; *Green* v. *Roworth*, 113 N. Y. 462; *Weller* v. *Weller*, 44 Hun, 172.)   It was the duty of a court of equity to set aside the agreement, and it had the power to do so. (*Aldridge* v. *Aldridge*, 120 N. Y. 614; *Sears* v. *Shafer*, 6 N. Y. 272; *Bergen* v. *Udall*, 31 Barb. 9; *Hendricks* v. *Isaacs*, 117 N. Y. 417; 1 Beach on Mod. Eq. Juris. § 196; Shouler on Husband & Wife, § 474.)   When an action is brought for the purpose of rescinding, as this is, then it is sufficient to offer in the complaint to restore, and the court will make such further provision for restoration in the judgment as it sees fit as a condition of the rescission. (*Hay* v. *Hay*, 13 Hun, 315; *Gould* v. *C. C. Nat. Bank*, 86 N. Y.

75 ; *Berry* v. *A. C. Ins. Co.*, 132 N. Y. 55 ; *Allerton* v. *Allerton*, 50 N. Y. 670 ; *Kley* v. *Healy*, 127 N. Y. 555.)

CULLEN, J. The action was brought to set aside an agreement made between the defendant and plaintiff, who are husband and wife, by which the latter, in consideration of $1,000 and some articles of household furniture, agreed to relinquish all claims upon the defendant for support during his life and upon his estate after his decease. Differences having arisen between the parties a separation ensued, in contemplation of which the agreement was made. The referee found that the defendant, prior to the execution of the agreement, had maltreated the plaintiff and inflicted physical violence upon her to such an extent that she could have successfully maintained -an action against him for separation; that, while there was no express duress or fraud practiced on the plaintiff, still the agreement was executed by her unadvisedly and improvidently as the result of such ill-treatment, and that the provisions for the plaintiff's support made by the agreement were entirely inadequate for the purpose, and were not suitable or equitable, considering the defendant's means. He further found that the plaintiff had expended all the money received by her from her husband, except the sum of $400, which was invested in a house and lot. He directed judgment that, on the transfer by the plaintiff to the defendant of the house and lot, the agreement of separation should be set aside. The appeal was taken on the judgment roll, the record not containing the evidence, and the judgment has been unanimously affirmed by the Appellate Division. The only question before us, therefore, is whether the findings of the referee are sufficient to support the judgment.

Two objections are taken to this recovery : *First*, that the referee has not found such imposition on the plaintiff as would enable her to rescind the contract; *second*, that she has not made restitution of what she has received under it, nor does the judgment require her to make such restitution. We may assume, for the discussion, that either of these objections

would be fatal to a rescission of the agreement were it an ordinary contract between parties competent to contract. But it must be borne in mind that a contract between husband and wife is void at law and upheld solely in equity, and then not in every case, but only where the provision for the maintenance of the wife or children is suitable and equitable. (Schouler on Husband and Wife, §475; *Switzer* v. *Switzer*, 26 Grat. 574; *Hendricks* v. *Isaacs*, 117 N. Y. 411.) In the case last cited Judge ANDREWS said : " A court of equity does not limit its inquiry to the ascertainment of the fact whether what had taken place would, as between other persons, have constituted a contract, and give relief, as matter of course, if a formal contract be established, but it further inquires whether the contract was just and fair, and equitably ought to be enforced, and administers relief where both the contract and the circumstances require it." Because of the distinction between contracts of the character of the one before us and other contracts, the propositions contended for by the counsel for the appellant and the authorities cited in their support, do not apply. The referee has found that the provisions for the plaintiff's support were inadequate and that she was driven into the execution of the agreement by the defendant's ill-treatment. For these reasons a court of equity would not uphold the agreement if it were sought to be enforced, and equally, it should avoid the agreement in an action brought for that purpose. In such an action, ordinarily, the court would require a return by the wife of what she had received from her husband's estate, so far as it was in her power to make restoration; but to go beyond this and require the wife, as a condition for relief, to return what she had already expended for her support, would practically abrogate the rule that contracts between husband and wife are only upheld where they are fair and equitable. The case of *Tallinger* v. *Mandeville* (113 N. Y. 427) is plainly distinguishable from the present one. There the agreement between husband and wife related to the separate property of the wife, with which, under our statute, she could deal as a *feme sole*, and it did not appear that it was not in

the power of the wife to make restoration of that which she had received from her husband.

The judgment appealed from should be affirmed, with costs. PARKER, Ch. J., GRAY, BARTLETT, MARTIN, VANN and WERNER, JJ., concur.

Judgment affirmed.