### UHLER v. UHLER.

(Supreme Court, Special Term, New York County. March, 1911.)

1. HUSBAND AND WIFE (§ 278*)—SUPPORT OF WIFE—RELEASE OF LIABILITY—
   VALIDITY.
   Under Domestic Relations Law (Laws 1896, c. 272) § 21 (Consol. Laws 1909, c. 14, § 51), prohibiting contracts to relieve liability to support one's wife, a wife's agreement, for $425, to forever release such liability, is invalid, where that amount is grossly disproportionate to the husband's income.
   [Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 1046–1053; Dec. Dig. § 278.*]

2. DIVORCE (§ 31*)—ABANDONMENT AND NONSUPPORT.
   One's refusal to support his wife and to live with her entitles her to a separation from bed and board forever.
   [Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 95, 96; Dec. Dig. § 31.*]

Action by Sophia Uhler against Samuel Uhler. Decree for plaintiff.

Max Franklin (Sidney S. Levine, of counsel), for plaintiff.
M. & B. Jaffe, for defendant.

GIEGERICH, J. Plaintiff brings this action against her husband for a separation upon the ground of abandonment and nonsupport. The marriage took place in Colorado in May, 1907, and in the following September the defendant abandoned the plaintiff and came to New York City. About two years afterwards, during which interval he had sent her only $120 for her support, she borrowed money and came on to New York. After arriving here she entered into a written agreement with him on the 18th day of October, 1909, whereby in consideration of the sum of $425 paid to her she released him forever from all claims for support and maintenance. She was not represented by any attorney in the transaction. The only attorney who was consulted or who took any part was a member of the firm which appears for the defendant in this action. At the time the agree-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ment was made the plaintiff owed debts incurred for her maintenance in an amount in excess of the $425 provided for. Upon the trial she testified that she was unable to read English, and. that she did not understand that the sum mentioned was to cover her future, support, but thought it was given only on account of her claim for nonsupport during the two years preceding.

[1] It is manifest that a provision so glaringly inadequate and a contract so manifestly improvident should not be allowed to stand in the way of the plaintiff's recovery of a sum reasonably sufficient for her support. It is true that the power of a wife to make contracts and bind herself by them has been steadily enlarged by the Legislature of this state, beginning in 1848, and culminating in section 21 of chapter 272 of the domestic relations law enacted in 1896. (now included in section 51, c. 14, Consol. Laws 1909); but the enactment expressly excepts the power of a husband and wife to make a contract "to relieve the husband from his liability to support his wife." The question must always necessarily be, whenever a contract like the present one is brought before the court for adjudication, whether or not the provision made for the wife is reasonably adequate, because, if it is not, then the contract comes within the exception above quoted and is ineffective. Before the present statute was passed it was the law that only where the provision for the maintenance of the wife was suitable and equitable would it be enforced. (Hungerford v. Hungerford, 161 N. Y. 550, 56 N. E. 117, and cases there cited), and such is still the law (Winter v. Winter, 191 N. Y. 462, 84 N. E. 382, 16 L. R. A. [N. S.] 710). In the latter case, at page 474, of 191 N. Y., at page 386 of 84 N. E. (16 L. R. A. [N. S.] 710), the court said, referring to the provision with respect to relieving a husband from his liability to support his wife:

"The clause in question was not intended to change, but to preserve, the law as it previously existed, and to prevent the broad powers committed to the wife by the fore part of the section to make any contract 'with any person, including her husband,' from opening the door so wide that she could release her husband from his liability without any adequate provision for her support being made by him."

In the present case, as above said, the provision is glaringly inadequate. The sum paid, invested at the highest legal rate of interest, or even in the purchase of an annuity, would bring to the plaintiff so small a return as to be grossly disproportionate to the admitted income of the defendant, small though it be. The separation agreement is therefore not effective as a defense.

[2] The evidence satisfies me that subsequent to the execution of such separation agreement the plaintiff unconditionally offered to live and cohabit with the defendant, and that he refused to do so, and also refused to support and maintain her. It follows that the plaintiff is entitled to a judgment of separation from bed and board forever. The amount of alimony will be fixed when the requests for findings are passed upon. The plaintiff's attorney may, if he wishes, withdraw the requests for findings, a copy of which has heretofore been served upon the defendant's attorneys, and substitute in its stead amended ones, with proof of service. As the defendant's requests

do not appear to have been served on the plaintiff's attorney, the same or amended ones should be so served.

Requests for findings should be served within five days after the publication hereof, and a memorandum relative to the proposed findings, including the amount of permanent alimony, may be left with the clerk, together with the other papers in the case, within two days after such service. The papers received by me have been returned to the clerk.