(156 App. Div. 765.)

PELZ v. PELZ.

(Supreme Court, Appellate Division, First Department. May 29, 1913.)

1. PLEADING (§ 350*)—JUDGMENT ON PLEADINGS—DETERMINATION.

A motion by defendant for judgment on the pleadings is to be considered as if made on demurrer, and the allegations of the answer should therefore be disregarded.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1053, 1054, 1070–1077; Dec. Dig. § 350.*]

2. PLEADING (§ 345*) — ACTION TO ANNUL SEPARATION AGREEMENTS — COMPLAINT—SUFFICIENCY.

In a wife's action to set aside a separation agreement, a complaint, alleging that for a considerable time prior and subsequent to its execution plaintiff was in a run-down physical condition, highly nervous, and weak of body and mind brought about by defendant's cruelty; that she was in no position to fully comprehend and understand the full import of the agreement; that her attorney did not fully explain to her its true intent or the legal terms and phrases therein contained; that because of the peculiar relations between plaintiff and defendant and on account of defendant's cruel treatment of the plaintiff and the circumstances existing at and before the execution of said agreement, as before alleged, it was executed by her unadvisedly and imprudently; and that because of its unfair, unjust, and inequitable terms, and also because the provisions for plaintiff's support were inadequate, it was at her option void and should be set aside and canceled as unfair, inequitable, and inadequate; that she had already spent the amount paid her under the agreement; that defendant was in prosperous circumstances; and that she earned only $10 a week—was not so plainly insufficient as to justify a judgment for defendant on the pleadings, in view of the fact that a contract between a husband and wife is void at law and upheld in equity, not in every case, but only where the provision for the wife's maintenance is suitable and equitable.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1055–1059; Dec. Dig. § 345.*]

3. HUSBAND AND WIFE (§ 281*)—ACTIONS TO ANNUL SEPARATION AGREEMENTS—DEFENSES.

It is not an objection to the maintenance of a wife's action to set aside a separation agreement as inequitable and unfair, that she does not ten-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

der or offer to return the money received thereunder, but if the court finds that it is equitable for her to do so it may, by its judgment, require com· plete or partial restitution.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. § 1061; Dec. Dig. § 281.*]

4. HUSBAND AND WIFE (§ 281*) — ACTIONS TO ANNUL SEPARATION AGREEMENTS—DEFENSES.

It is not an objection to the maintenance of a wife's action to set aside a separation agreement as inequitable, that its principal object is to enable her to secure proper provision for her support in a pending divorce case.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. § 1061; Dec. Dig. § 281.*]

Appeal from Special Term, New York County.

Action by Rose M. Pelz against Samuel Pelz. From an order granting defendant's motion for judgment on the pleadings, plaintiff appeals. Reversed, and motion denied.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, DOWLING, and HOTCHKISS, JJ.

Philip Cohen, of New York City, for appellant.

Harold M. Phillips, of New York City, for respondent.

SCOTT, J. [1] Although there is an answer in the case denying numerous allegations of the complaint, it is to be disregarded in this motion, which is to be considered as if made on demurrer.

The action is to set aside a separation agreement.

[2] The complaint alleges the marriage of the parties in 1906, and that between that event and March, 1908, defendant exhibited great cruelty toward plaintiff; that in July, 1906, immediately after marriage, defendant borrowed $5,000 from plaintiff which he has never returned; that soon after marriage defendant introduced a woman named Fanny Leftkowitz into the household, and so conducted himself with her that subsequently said woman's husband procured a divorce, naming defendant as co-respondent; that plaintiff on September 26, 1912, began a divorce action against defendant on account of his relations with this Leftkowitz woman, to which action defendant has interposed no defense. The complaint goes on to show that in September and October, 1907, she consulted various attorneys with reference to suing her husband, and finally in March, 1908, through one John S. Bennett, she began an action for a separation. After this action had been begun plaintiff went to Bennett's office, and was shown a proposed separation agreement, which she signed. It is this agreement which it is sought to set aside.

The complaint contains the following paragraphs which state the grounds upon which she seeks relief:

"XII. That at the time the plaintiff called at the office of her then attorney, John S. Bennett, on the said 10th and 12th days of March, 1908, and for a considerable time prior thereto and subsequent thereto, this plaintiff was in a run-down physical condition, highly nervous, weak of body and mind, all brought about by the conduct of the defendant toward her, his cruelty as hereinbefore alleged, and this plaintiff was in no position to fully comprehend and understand the full import of said agreement, and, at the aforesaid times,

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

this plaintiff alleges that the Bennett did not fully explain to her the true intent of said separation agreement, and did not explain to this plaintiff the legal terms and phrases therein contained, of all of which this plaintiff did not fully understand.

"XIII. That by reason of the peculiar relations between the said plaintiff and the defendant, and on account of the cruel treatment by the defendant of the plaintiff, and on account of the circumstances existing at and before the execution of said agreement, as hereinabove stated, the said agreement was executed by plaintiff unadvisedly and imprudently, and because of its unfair, unjust, and inequitable terms, and also for the reason that the provisions in said agreement for plaintiff's support were and are inadequate, the plaintiff claims that the same was or is at her option void and should be set aside and canceled by the court, as unfair, inequitable, and inadequate."

Plaintiff alleges that she has already spent the $5,000 paid to her under the separation agreement, that defendant is in prosperous circumstances, and that she herself earns only $10 a week.

The agreement thus attacked is in the usual form and provides for the payment to plaintiff of the gross sum of $5,000 as provision for her permanent support.

The complaint is not, in our opinion, so plainly insufficient as to justify the order appealed from. The facts alleged very closely resemble those contained in the complaint in Hungerford v. Hungerford, 161 N. Y. 550, 56 N. E. 117. In that case the Court of Appeals, speaking by Cullen, J., pointed out the difference in the requirements of an action to set aside a contract like that involved in this action, and one to set aside an ordinary contract between persons not man and wife. The opinion said:

"But it must be borne in mind that a contract between husband and wife is void at law and upheld solely in equity, and then not in every case, but only where the provision for the maintenance of the wife or children is suitable and equitable. Schouler on Husband & Wife, § 475; Switzer v. Switzer, 67 Va. 574; Hendricks v. Isaacs, 117 N. Y. 411, 22 N. E. 1029, 6 L. R. A. 559, 15 Am. St. Rep. 524. In the case last cited Judge Andrews said: 'A court of equity does not limit its inquiry to the ascertainment of the fact whether what had taken place would, as between other persons, have constituted a contract, and give relief, as matter of course, if a formal contract be established; but it further inquires whether the contract was just and fair, and equitably ought to be enforced, and administers relief where both the contract and the circumstances require it.' Because of the distinction between contracts of the character of the one before us and other contracts, the propositions contended for by the counsel for the appellant and the authorities cited in their support do not apply. The referee has found that the provisions for the plaintiff's support were inadequate and that she was driven into the execution of the agreement by the defendant's ill treatment. For these reasons a court of equity would not uphold the agreement if it was sought to be enforced, and, equally, it should avoid the agreement in an action brought for that purpose."

The case referred to by the learned justice at Special Term, and not much relied upon by the respondent (Johnson v. Johnson, 206 N. Y. 561, 100 N. E. 408), was not intended, as we understand it, to overrule the Hungerford Case. What was decided in Johnson v. Johnson was that an action like the present is not a matrimonial action, and that alimony and counsel fees could not be awarded in it. It is true that in the course of the opinion one or two expressions are used seemingly at variance with those used in the Hungerford Case, and

quoted above, as to the necessary allegations in such a case; but these expressions were not necessary to the determination of the question really at issue, and may safely be regarded as obiter dictum. Furthermore, the plaintiff in the Johnson Case did not seek to set aside the whole agreement between herself and her husband, but only so much thereof as related to her support.

[3] It is not an objection to the maintenance of an action like the present that the plaintiff does not tender or offer in her complaint to return the money she received under the separation agreement. Hungerford v. Hungerford, supra; Galusha v. Galusha, 138 N. Y. 272, 33 N. E. 1062. If, upon the trial, it should be found equitable to do so, the court may require by its judgment complete or partial restitution.

[4] It is apparent, and is not denied, that one purpose of seeking the annulment of the separation agreement, and perhaps the principal reason, is that the plaintiff may be enabled to secure proper provision for her support in the judgment she expects to recover in the action for a divorce now pending against her husband. This is not an objection to the maintenance of the action. Galusha v. Galusha, supra.

The order appealed from must therefore be reversed, with $10 costs and disbursements, and the motion for judgment denied, with $10 costs. All concur.

