## DUCAS v. DUCAS et al.

(Supreme Court, Appellate Division, First Department.   March 3, 1916.)

Appeal from Special Term, New York County.

Action by Rachel N. Ducas against Benjamin P. Ducas and Jay C. Guggenheimer, as trustee, and another. From a judgment (90 Misc. Rep. 191, 153 N. Y. Supp. 591) entered upon a decision setting aside a separation agreement, the defendants named appeal. Affirmed.

Argued before CLARKE, P. J., and McLAUGHLIN, DOWLING, SMITH, and DAVIS, JJ.

Edward W. Hatch, of New York City, for appellant Ducas.

Julius J. Frank, of New York City, for appellant Guggenheimer.

Daniel P. Hays, of New York City, for respondent Rachel N. Ducas.

Reid L. Carr, of New York City, guardian ad litem, for infant respondent.

PER CURIAM.   Judgment affirmed, with costs.

McLAUGHLIN, J. (dissenting). The plaintiff and defendant Benjamin P. Ducas were married in August, 1900, and separated shortly prior to the 1st of December, 1906; the defendant Robert N. Ducas being their only child. On the 1st of December, 1906, they entered into an agreement by which it was stipulated they were to live separate and apart; Mrs. Ducas to have the care and custody of the son, under certain conditions, and Mr. Ducas to pay her $4,000 annually for her support and maintenance during life, and $2,000 annually for the education and maintenance of the son during his minority. The appellant Guggenheimer was named in the agreement as a trustee, to whom the payments were to be made. Payments were thereafter made as stipulated until about February 4, 1914, when this action was commenced to procure a judgment setting aside the agreement, on the ground that its execution by the plaintiff was procured by fraud and duress practiced upon her by counsel for the respective parties and by the husband as to his financial condition. Answers of the husband and trustee put in issue the allegations of fraud set out in the complaint. After a trial at which much evidence was offered upon either side, the court found in favor of the plaintiff, and from a judgment setting aside the agreement, the husband and trustee appeal.

I know of no rule of law which, as applied to the evidence and findings made, justifies the conclusion reached by the learned trial justice in setting aside the agreement. There is no finding of any

157 N.Y.S.—51

actual fraud or duress practiced upon the plaintiff which induced her to enter into the agreement, and the learned trial justice in his opinion states that the evidence is insufficient to sustain a finding to that effect; and there is a finding that at the time of the execution of the agreement the plaintiff was not under duress, and was not induced to execute or deliver it by any false or fraudulent representations by the defendant Guggenheimer. The plaintiff, for at least a year immediately prior to and at the time the agreement was executed, had as an adviser a lawyer of high standing and unquestioned integrity, who signed the agreement as a witness, and against whom not one word of criticism was made at the trial or upon the argument of the appeal. Nor was any claim made upon the trial, or appeal, that the plaintiff executed the agreement by reason of any fraud or duress practiced upon her by the husband, and it could not well be, since she was the one who insisted upon the agreement, the husband was not present when she executed it, and the only part which he took was to determine what he would or would not do. Notwithstanding the court found that there was no actual fraud or duress, it was nevertheless of the opinion the agreement should be set aside, because the husband had not informed his wife, immediately prior to its execution, of the true state of his financial affairs, and during the time they had lived together had many times made false statements with reference thereto.

But this is no justification for setting aside the agreement. The plaintiff, when she executed it, was well aware that she had no knowledge as to the financial condition of her husband, and she was advised by her own counsel and the trustee that she could ascertain that fact by bringing an action for a separation. This she did not desire to do, preferring rather to accept for herself and child what he had finally agreed to pay. The fact that he was then a man of large means, and had a large annual income, and could well have afforded to pay a much larger amount, does not change the situation. Agreements are not set aside, which, in the absence of fraud, duress, or mistake, are deliberately entered into, because one of the parties receives less than what the other, if generous, ought to have paid. If so, written contracts rest upon a very slender reed, because each party, so to speak, in effect acts as the adviser of the other. When parties deal at arm's length, as these parties were dealing, each must look out for his own interest. Actions to set aside separation agreements, where the motive of the moving party is pecuniary, and not otherwise, rest upon and are to be determined by the same general principles which are applied in actions brought for a similar purpose affecting other contracts, or, as stated by Judge Hiscock in Johnson v. Johnson, 206 N. Y. 561, 100 N. E. 408, Ann. Cas. 1914B, 407:

"Such a suit would be governed by the same principles as one to procure the cancellation of a contract for the sale of land or the purchase of personal property."

The plaintiff was the moving party in procuring the separation agreement. She now wants it set aside, not for the purpose of re-

suming the marital relation, but solely for the purpose of placing her in a position to apply for a larger allowance. The amount to be paid the plaintiff and son—and I do not understand there is a serious complaint as to the amount to be paid to him—is substantially one-half of what it cost the husband to maintain the family while living together. An allowance made for the support of a wife, where the parties live separate and apart, is not based solely upon what the husband is worth, but rather upon the amount necessary to enable her to live, taking all the facts and circumstances into consideration, in a manner fitting to her station in life. Considering the way in which the plaintiff lived prior to and after the marriage, the amount paid enables her to live substantially as well as before the separation took place. While it may be, if the allowance were to be fixed by this court, it would make a larger one than that provided in the agreement, that is no reason for setting the agreement aside, unless the court is prepared to hold that it will make a new agreement and substitute it for the one which the parties deliberately entered into. The court performs its duty by enforcing such contracts, unmoved and uninfluenced by sympathy or sentiment.

I am therefore of the opinion the judgment should be reversed.