LAURA CAIN, Respondent, *v.* AMBROSE C. CAIN, Appellant.

Fourth Department, July 1, 1919.

Husband and wife — validity of contract by husband to support wife and child executed after separation — inadequacy insufficient as ground for setting aside contract to support wife — when contract between husband and wife precludes further provision for their support in judgment in action for divorce.

A contract entered into between a husband and wife after they had separated providing for her support and maintenance and releasing the wife's rights in his property is binding upon both parties, unless set aside or impeached, and this is so although the marital relations between the parties are subsequently terminated by a divorce.

Such a contract is not in violation of the Domestic Relations Law.

A contract by a husband for the support of his wife may be set aside at her instance upon grounds which would be insufficient to set aside a contract not of that character. But the mere fact that provision made thereby for support of the wife is subsequently claimed to be inadequate is not a sufficient ground for setting aside the contract.

In an action by a wife for divorce, *held*, that a contract previously made by the defendant for the support and maintenance of the plaintiff and her child precludes the making of any further provision in the action for the support of the wife, but not to prevent a further provision for the benefit of the child, it appearing that the plaintiff by said contract had not relieved the husband from the support of the child and that the sum contributed by him as provided in said contract is inadequate.

APPEAL by the defendant, Ambrose C. Cain, from an interlocutory judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Lewis on the 27th day of January, 1919, upon the decision of the court after a trial at the Lewis Trial Term before the court without a jury.

*Kilby & Norris* [*Charles E. Norris* of counsel], for the appellant.

*George S. Reed,* for the respondent.

KRUSE, P. J.:

The action is for a divorce. The judgment dissolves the marriage and makes provision for the support of plaintiff and an infant child, whose custody is awarded to the plaintiff.

Only that part of the judgment is appealed from which makes provision for the support and maintenance of the plaintiff and the child. A contract was entered into by the parties after they had separated and before the action was brought, which provides for such support and maintenance, and it is contended that this precludes making any other or further provision therefor by judgment.

The contract acknowledges the receipt of $2,000 by the plaintiff from the defendant, and states that it shall be for the support, care and maintenance of the plaintiff for and during her natural life, and she, in terms, releases the defendant from all liability for such support, care and maintenance, and releases all her rights in his property, including her inchoate right of dower.

He further agrees to pay to her the annual sum of $100 for the support, care and maintenance of the child until he arrives at the age of fourteen years. But no provision is made for the maintenance of the child after he becomes of that age, or in case the $100 is inadequate to support and maintain him. Neither does the contract contain any express promise upon her part to maintain and support the child. There is a finding in the decision that this sum is inadequate; that at least the sum of $200 a year is necessary for the support, maintenance and education of the child, now nine years of age. There is also a finding that the provision in the contract is inadequate for the support of the plaintiff, and the defendant is required to pay her $5 a week in addition to the yearly allowance for the support of the child.

I do not see how the alimony provision for the wife can be sustained. Such a contract is binding upon both parties unless set aside or impeached, and that is so though the marital relations between the parties are terminated by divorce (*Galusha* v. *Galusha,* 116. N. Y. 635; *Greenfield* v. *Greenfield,* 161 App. Div. 573; *Benesch* v. *Benesch,* 182 id. 221) and is not in violation of the Domestic Relations Law (Consol. Laws, chap. 14 [Laws of 1909, chap. 19], § 51). (*Winter* v. *Winter,* 191 N. Y. 462.) In the *Galusha* case the contract was made through the intervention of a trustee. After the decision upholding the validity of the contract another action was brought to set it aside. The trustee was made a party to that action and the contract was set aside. (*Galusha* v. *Galusha,* 138 N. Y. 272.)

The contract here was not made through the intervention of a trustee, but between the husband and wife directly. It is pleaded in the answer as a defense to the demand for alimony. It may be that if a case had been made the contract could be set aside in this action without resorting to an independent action therefor, but we need not decide that question, as I think no case was made for setting it aside. It is undoubtedly true that a contract for the support of a wife may be set aside at her instance, upon grounds which would be insufficient to set aside a contract not of that character. (*Hungerford* v. *Hungerford,* 161 N. Y. 550; *Pelz* v. *Pelz,* 156 App. Div. 765.) But here the only ground for setting it aside is that the

provision made thereby for support of the wife is now inadequate. I think that alone is not sufficient. As was said by Judge VANN in the *Winter* case: " She is the best judge of what she needs for her support and the amount may be fixed and settled by an agreement made after actual separation without violating any principle of law or any statute now in existence."

As regards the provision in the judgment for the support of the child, I think that should be upheld. Even if plaintiff could contract to relieve the husband from such support, I think she has not done so. There is nothing in the contract which expressly so states, and it appears that the sum contributed by the father for the support of the child as provided in the contract is inadequate.

The judgment should be modified by striking out the provision for alimony for the support of the wife, and as so modified affirmed, without costs to either party.

All concurred.

Interlocutory judgment modified by striking out the provision for alimony for the support of the wife, and as so modified affirmed, without costs of this appeal to either party.