ANNA S. GLUSKER, Plaintiff, *v.* CHARLES GLUSKER, Defendant.

(Supreme Court, Kings Special Term for Trials, July, 1919.)

**Husband and wife — when action to set aside separation agreement may be maintained.**

> Where the weekly allowance provided for a wife and her two children by a separation agreement entered into after she

had commenced an action for separation, for just cause, is disproportionate to the husband's means and income and it is impossible for the wife and her children to live on said allowance on the scale on which the family had lived before the separation, she may maintain an action to set aside the agreement on the ground that it was improvidently made and she need not offer to return any money received thereunder.

ACTION to set aside a separation agreement.

Alexander B. Greenberg, for plaintiff.

Irving I. Kremer, for defendant.

CROPSEY, J. The parties are husband and wife. The action is to set aside an agreement of separation entered into in December, 1916. The parties have two minor children whose custody was given to the plaintiff by the agreement, which required the defendant to pay twelve dollars a week for the support of the plaintiff and the maintenance of the two children. At the time the agreement was executed, the defendant was a teacher in the public schools, receiving $2,400 a year and owning a two-family dwelling in which he had an equity of several thousand dollars. The children were then twelve and five years of age respectively.

The defendant's treatment of the plaintiff had been cruel, and, in the fall of 1916, she had been obliged to leave him. She had her two children, and for some time the defendant paid twelve dollars a week for the support of her and them. The plaintiff was apprehensive that defendant might get possession of the children, and, after being parted for a few months, she started suit to obtain a separation. Shortly thereafter the parties all met in her attorney's office, and there the agreement in question was made. There was no duress nor fraud used or practiced. The

plaintiff was a woman of intelligence and education and knew what she was signing. But she was most anxious to retain possession of the children and apprehensive lest something would result to take them from her. To insure her right to their custody, she executed the agreement. It was plainly an unwise and improvident agreement to make. It did not protect her right nor those of her children. It was not possible for the three of them to live on the weekly allowance that was provided, not at least on the scale on which the family had lived before the separation. And the weekly allowance was disproportionate to the defendant's means and income. The plaintiff had just cause for a separation which she could have enforced by action. And the award of alimony that would have been made for her and the children would have been much in excess of twelve dollars a week. It certainly would have been at least half as much more than that amount and it might well have been more than twice that sum.

The question is whether the agreement can be set aside because it was improvidently made and was out of proportion to the defendant's ability to pay.

The former disabilities which prevented married women from contracting, either with their husbands or others, have been removed by legislation. Now they may contract the same as if unmarried, and with their husbands too, except that they " cannot contract to alter or dissolve the marriage or to relieve the husband from his liability to support his wife." Dom. Rel. Law, § 51. There is no question that when husband and wife are living apart, they may make a valid agreement of separation. But to be valid, the agreement cannot relieve the husband from his obligation to support the wife. An agreement which sought to do that would run counter to the statute.

19

It would not be valid. And it must follow that an agreement which did not in terms relieve the husband of liability but required him to pay a sum manifestly inadequate for the wife's support can have no greater validity. The husband's obligation is " to support his wife." It is not met by furnishing partial support when his means permit of a greater payment. An agreement to pay the wife a sum which is insufficient for her support when her husband is well able to pay a larger sum is not an agreement to support her. When such an agreement limits the husband's responsibilities to the payment of the sum specified, it, in effect, is an agreement to relieve him " from his liability to support his wife."

Before married women had their present powers and when contracts between husband and wife were void at law and could be upheld only in equity, then agreements such as this were enforced only where the provision for the wife and children was equitable and proper. Since the provisions of the Domestic Relations Law were enacted, the courts have likewise held that such agreements would not be upheld where the provision for the wife and children was inadequate and disproportionate to the husband's means. *Hungerford* v. *Hungerford,* 161 N. Y. 550; *Winter* v. *Winter,* 191 id. 462, 474; *Pelz* v. *Pelz,* 156 App. Div. 765; *Ducas* v. *Guggenheimer,* 90 Misc. Rep. 191; affd., 173 App. Div. 884. There is nothing in the decision of *Johnson* v. *Johnson,* 206 N. Y. 561, at variance with the cases cited. This is pointed out in *Pelz* v. *Pelz.* Moreover, the judge who wrote the opinion in the *Johnson* case was one of those who concurred in the opinion in *Winter* v. *Winter, supra.*

It is not an answer to say plaintiff has agreed to accept a small weekly payment and that that determines its sufficiency. Even though she might be sup-

posed to know what was sufficient, there are still many reasons that might influence her in accepting a less amount. And if her acceptance of an amount was to be a determination of its sufficiency, then the acceptance by her of a nominal sum would likewise be binding. So also would be her declaration that she needed no sum, and so the husband could be relieved from liability. But the statute has said that the wife may not do this thing. And she cannot do it either directly or indirectly. Her agreement to accept a sum that is insufficient is an agreement to relieve her husband *pro tanto* at least from his liability to support her. This is equally invalid as an agreement to entirely relieve him.

It is not necessary for the plaintiff to refund the amounts paid to her under the agreement, for they have all been used in caring for herself and her children. Under such circumstances, the action may be maintained without offering to make any return. *Galusha* v. *Galusha,* 138 N. Y. 272, 284; *Hungerford* v. *Hungerford,* 161 id. 550, 553; *Pelz* v. *Pelz,* 156 App. Div. 765, 769. Plaintiff is entitled to judgment, with costs.

Judgment for plaintiff, with costs.