MARGARET WALKER CROWELL, Plaintiff, *v.* WILLIAM BEERS CROWELL, Defendant.

Supreme Court, New York County, December 11, 1929.

*Olcott, Olcott & Glass,* for the plaintiff.

*W. Russell Osborn,* for the defendant.

TOWNLEY, J. The defendant, before answering, moves under subdivision 5 of rule 106 of the Rules of Civil Practice to dismiss the complaint for insufficiency. The action is brought to set aside a separation agreement between the parties executed on March 18, 1927, a copy of which is attached to the complaint. The plaintiff in her complaint asks that said separation agreement and all other instruments executed by plaintiff in pursuance of the terms of said agreement be canceled and set aside and for other specified relief. The sole ground upon which the relief is asked for in the complaint is that " the provision made in the agreement aforesaid for the support and maintenance of the plaintiff herein is not equitably proportionate to the defendant's present capacity to support the plaintiff in accordance with the station in life of the parties and the present means of the defendant, and that the said agreement by reason of the great increase in the estates, means, property and wealth, and income of the defendant has now become unfair, inequitable and unjust."

It appears from allegations contained in the complaint that the separation agreement was fair and equitable when made, and that there was no misrepresentation of the defendant's wealth, and that, since its execution, the defendant has made all the payments required by its terms and in all respects has fully complied with all of its provisions. Since the agreement was made, the plaintiff has received from the defendant a lump sum of $10,000; the defendant has deposited $50,000 in the designated trust company in cash, which sum, pursuant to the terms of the agreement, will become the absolute property of the plaintiff in the event that she survive the defendant, and in addition the defendant has regularly paid to the plaintiff her allowance of $5,000 a year at the rate of $416.66 each month. The said separation agreement, as is expressly alleged in the complaint, is admitted by the plaintiff as being fair, equitable and just when made, and plaintiff now seeks to set it aside on the sole ground that since its execution the defendant has become possessed of substantial sums of money and various pieces of real property within the county of New York as the devisee under two certain wills, and thus his financial resources have been largely increased since the execution of the said separation agreement. The said separation agreement now sought to be rescinded provides that the plaintiff " covenants and agrees that such provision for her support and maintenance is ample and will in fact provide said party of the first part [the wife] with support and maintenance

befitting her station in life for and during the life of the said party [the wife]."

In this complaint the plaintiff does not nor could she allege that she is totally without funds nor that she is liable to become a public charge. The allegation in the complaint that plaintiff is "in ill health, wholly without means and wholly unable to provide for her support" cannot be taken to mean that this plaintiff, with a secured income of $5,000 a year, is in danger of becoming a public charge. As to being "wholly without means and wholly unable to provide for her support," this allegation can mean nothing more than that this plaintiff is without current means of support other than $5,000 a year, and presumably because of her claimed ill health is unable to add to such income now provided by her husband. Plaintiff alleges that $5,000 a year was "ample" in March, 1927, when the separation agreement was executed. She does not at this time state it is insufficient or not ample, but she claims it should be further increased for the sole reason that her husband's wealth and income is alleged now to be greater. The grievance of the plaintiff here is not that she cannot live as she was and has been accustomed, but that she claims she should now live in better circumstances because of her husband's increased financial resources. Plaintiff's suit is based on the theory that, no matter how fair and ample the agreement was when made, it does not bind her (the wife), merely because the husband's wealth has been subsequently increased. The converse should follow, that neither should the husband be bound by this separation agreement if his future income was diminished. But the rule of law established by our courts is otherwise. (*Chamberlain* v. *Cuming*, 99 App. Div. 561; *Stoddard* v. *Stoddard*, 227 N. Y. 13, 21.) If the plaintiff's complaint is held to state a good cause of action, then a new action would arise in her favor with every change and fluctuation of the financial situation of her husband. This would cause multiplicity of suits, depending on the fortune or misfortune of the husband as his financial resources varied from time to time.

A separation contract is binding upon both parties unless set aside or impeached. While it may be true that a contract for the support of a wife may be set aside at her instance upon grounds which would be insufficient to set aside a contract not of that nature (*Hungerford* v. *Hungerford*, 161 N. Y. 550; *Pelz* v. *Pelz*, 156 App. Div. 765), nevertheless, it has been held in *Cain* v. *Cain* (188 App. Div. 780) that the sole fact that the provision made thereby for the support of the wife is claimed subsequently to be then inadequate, and not in accordance with the present means of the husband, is not of itself a sufficient ground for setting aside the

contract. The contention of the plaintiff that a separation agreement made between husband and wife while living separate and apart, concerning which the wife expressly asserts that it was entered into fairly and openly, without any fraud, coercion, overreaching, and with no concealment or deception on the part of the husband of his then financial resources and prospects, and made ample provision for the support and maintenance of the wife befitting her station in life for and during her life, should be rescinded in equity and rendered null and void on the sole ground that the financial resources of the husband have since substantially increased, is not supported by the decisions cited and relied upon by the plaintiff.

*Harding* v. *Harding* (203 App. Div. 721; affd., 236 N. Y. 514); *Brown* v. *Brown* (209 App. Div. 835; affd., 239 N. Y. 518), and *Hamlin* v. *Hamlin* (224 App. Div. 168) were all cases in which the plaintiff sought to set aside the separation agreement on the ground that, *when made*, it was entered into improvidently or through fraud, overreaching or unfair conduct and practices of the husband and constituted a fraud upon her rights. In *Veeck* v. *Veeck* (215 App. Div. 705, First Dept., Nov., 1925; affd. without opinion, 242 N. Y. 558, and strongly relied upon by the plaintiff) the basis upon which plaintiff based her claim to equitable relief, as stated in her complaint, was " that unless a court of equity intervenes the plaintiff will become a public charge." No such element exists in the case at bar. The Court of Appeals by a divided court, three judges dissenting, held the complaint sufficiently stated a cause of action. The public interest involved in requiring a husband to afford such support that his wife will not become a public charge was undoubtedly the basis for the conclusion reached in the *Veeck* case.

No authority has been furnished, nor have I been able to find any decision which gives a court of equity jurisdiction to set aside an admittedly fair and proper voluntary agreement for support and maintenance on the sole ground here presented, namely, that, since the execution of such agreement, by inheritance or otherwise, the financial means of the husband has been substantially increased. The present complaint in my opinion alleges no facts which would justify a court of equity to declare a rescission of this contract.

The motion to dismiss is granted, with ten dollars costs, with leave to the plaintiff, if so advised, to serve an amended complaint within twenty days after service of a copy of this order, with notice of entry. Order signed.