William B. Cahill, Respondent, v. Eleanor K. Cahill, Appellant.— In an action for a separation, defendant was granted a separation on her counterclaim, the decree dated February 2, 1950, providing that she have custody of the infant issue of the marriage, with right of visitation to plaintiff, and that plaintiff pay $50 a month for the support and maintenance of the infant. The parties also stipulated at the trial that defendant would execute a deed to plaintiff of all her right, title and interest to the dwelling owned by the parties, upon payment by the plaintiff of $250 and the delivery of a release of defendant's obligation to plaintiff's father. Thereafter, plaintiff moved to compel defendant to comply with the stipulation and execute the deed. The motion was granted by order dated November 2, 1951, and defendant was directed to execute the deed. The separation decree was amended at the same time, on defendant's motion, to increase the allowance for the support of the child to $60 a month. Defendant subsequently executed and delivered the deed to plaintiff. Some months later, the parties learned for the first time that part of the property had been condemned by the County of Nassau and that title had vested in the county on November 16, 1949, prior to the making of the stipulation and the delivery of the quitclaim deed. Plaintiff agreed to accept the sum of $1,800 from the county for the portion of the property taken, but the county required an assignment of the award from defendant before making such payment. Upon defendant's refusal to execute such assignment, plaintiff moved for an order directing her to do so, and also moved for a modification of the separation judgment so as to give him increased rights of visitation and custody. Defendant cross-moved for a counsel fee and an increase in the allowance for maintenance and support of the infant to $80 a month. Plaintiff's motion was granted, insofar as it sought a direction that defendant execute an assignment of the award and was denied as to the balance of the relief sought. Defendant's motion was denied in its entirety. The appeal is by the defendant from so much of the order entered on plaintiff's motion as directed her to execute an assignment of the award, and from the order denying her cross motion. Order entered on plaintiff's motion modified by striking therefrom the first and second ordering paragraphs and by striking from the third ordering paragraph the word " other ". Order entered on defendant's motion modified by inserting a provision that defendant's motion for a counsel fee is granted and a counsel fee of $100 awarded, to be paid within ten days after the entry of the order hereon; and by striking from the last paragraph the words " in its entirety " and substituting in place thereof, after the word " motion ", the words " in all other respects." As so modified, the orders are affirmed, with one bill of $10 costs and disbursements to defendant. Assuming, without deciding, that the separation action was pending at the time of plaintiff's application, so that a stipulation made therein could be enforced by a motion in the action (cf. *Yonkers Fur Dressing Co.* v. *Royal Ins. Co.*, 247 N. Y. 435, and *Peterson* v. *Uhrlass*, 272 App. Div. 923), we are of the opinion that the terms of the stipulation afforded no basis for a direction that defendant

assign the award to plaintiff. The fact that condemnation proceedings had been instituted and that title to a portion of the property had vested in the county prior to the making of the stipulation was unknown to the parties, and the disposition of any award thereon was not within their contemplation. There is nothing in the record which discloses any intention on the part of defendant to assign the condemnation award to plaintiff. (Cf. *Matter of City of New York* [*Rochester Ave.*], 241 App. Div. 614, affd. 264 N. Y. 607.) We are also of the opinion that, under the circumstances disclosed, it was an improvident exercise of discretion to deny a counsel fee. (Cf. *McAlonen* v. *McAlonen*, 278 App. Div. 716.) There was, however, no showing of facts indicating such a change in circumstances since the order of November 2, 1951, as to warrant an increase in the allowance for support. Nolan, P. J., Wenzel, Schmidt, Beldock and Murphy, JJ., concur.