Rosemary V. Anders, Appellant, v. Warren F. Anders, Respondent.

First Department, November 5, 1958.

*George G. Hunter, Jr.,* of counsel (*Brown & Hunter,* attorneys), for appellant.

*Sidney J. Loeb* of counsel (*Charles H. Lane,* attorney), for respondent.

RABIN, J. In this separation action defendant husband sought by motion to enforce the provisions of a stipulation of settlement made at the time of trial. Plaintiff wife cross-moved to be relieved of the terms of the stipulation and for leave to discontinue the action. The defendant's motion was granted and plaintiff appeals. The stipulation in question was made in open court in the presence of the parties and counsel and was placed on the record. Ordinarily such a stipulation is enforcible by motion (*Cahill* v. *Cahill,* 284 App. Div. 1044; *Peterson* v. *Uhrlass,* 272 App. Div. 923; *Potter* v. *Rossiter,* 109 App. Div. 737).

Plaintiff, in opposing enforcement of the stipulation, argues that: (1) it is incomplete, (2) it is void under the Statute of Frauds, (3) it was based upon a mutual mistake and (4) the agreement itself was improvident.

We find no merit to plaintiff's first contention that the settlement terms were incomplete. A reading of the court record shows it to be full and comprehensive. It embraces all necessary provisions for the support of the wife and child, visitation privileges of the husband and specific terms as to the division of property.

We do not agree with plaintiff's contention that the agreement comes within section 259 of the Real Property Law inas-

much as it involves the transfer of an interest in real property. At the outset it should be observed that one of our practice rules dispenses with the necessity of a writing where the stipulation is made in open court. Rule 4 of the Rules of Civil Practice provides that: "An agreement between parties or their attorneys relating to any matter in an action or a proceeding shall not be binding unless in writing subscribed by the party, or by his attorney or counsel, or reduced by consent to the form of an order and entered. This rule shall not apply to oral stipulations between counsel made in open court."

Plaintiff contends nevertheless, that section 259 is controlling and requires such a stipulation to be in writing. If an agreement such as this were required to be in writing under section 259, that section would of course prevail and rule 4 would have no effect. But we take the view, as did the court below, that the Statute of Frauds — which was aimed to prevent frauds and to assure that the asserted agreement was in fact made — was never intended to apply to an agreement made between the parties in open court and placed on the record. While no New York case precisely in point has come to our attention, this view has met with approval in other jurisdictions, in decisions which squarely hold that stipulations made in open court are not subject to the Statute of Frauds. (See *Perley* v. *Bailey,* 89 N. H. 359; *Deer* v. *Deer,* 29 Wn. [2d] 202; *Savage* v. *Blanchard,* 148 Mass. 348.) In the last-cited case, Judge HOLMES in considering the applicability of the Statute of Frauds to a settlement made in open court said (p. 349): "It is a sufficient answer to this proposition, that the statute plainly is not intended to apply to an agreement like the present, made in open court and acted on by the court."

We consider this statement sound. The supervision of the court over the settlement assures the authenticity of the agreement and its terms. It thus fulfills the purpose of section 259 and dispenses with the necessity of the writing required by that section. Accordingly we must dismiss plaintiff's objection that the Statute of Frauds is a bar to enforcement of the stipulation in the present case.

Finally we come to plaintiff's claims of mutual mistake and improvidence. The mistake is alleged to have occurred in connection with the agreement for a division of the parties' real property, owned by the entirety. Specifically, plaintiff claims that both parties knew that the farm consisted of 48 acres but each thought there was little difference in the size of the parcels which each was to get; and that a survey revealed that under

the agreement as made, defendant would receive 33 acres while plaintiff would get only 15 acres. If in fact, there was a mutual mistake in that respect, then equity is not without power to afford relief (*Rosenblum* v. *Manufacturers Trust Co.*, 270 N. Y. 79). However the question of mistake cannot be determined without the taking of testimony.

Likewise it would seem proper to take testimony on plaintiff's claim that the agreement was improvident. If it be established that the agreement does not adequately provide for the support of the plaintiff and the child the court will not enforce it if an adequate allowance is within the husband's means (*Hungerford* v. *Hungerford*, 161 N. Y. 550; *Winter* v. *Winter*, 191 N. Y. 462, 474; *Pelz* v. *Pelz*, 156 App. Div. 765).

We are accordingly of the opinion that this matter should be remitted to the Special Term for the purpose of taking testimony on the issues of mutual mistake and improvidence.

Insofar as the order denies plaintiff's application for leave to discontinue her action, it should be affirmed. We find no reason for interfering with the exercise of the court's discretion in that respect.

The judgment and order should be modified as indicated and as so modified, affirmed, with costs to abide the event. The matter is remitted to the Special Term for a hearing on the issues of mutual mistake and improvidence.

BOTEIN, P. J., BREITEL, M. M. FRANK and STEVENS, JJ., concur.

Judgment and order modified as indicated in the opinion of Mr. Justice RABIN, and, as so modified, affirmed, with costs to abide the event. The matter is remitted to the Special Term for a hearing on the issues of mutual mistake and improvidence.

Settle order.