■ MICHAEL HARRINGTON, Appellant, v HEDY HALPERT et al., Respondents. [709 NYS2d 202] —In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Vaccaro, J., at trial), entered March 17, 1999, which, upon a jury verdict in favor of the defendants and against him, dismissed the complaint.

Ordered that the judgment is affirmed, with costs.

The plaintiff commenced this action to recover damages for personal injuries allegedly sustained by him in an accident involving the defendants' vehicle. On March 19, 1996, the parties and their attorneys appeared in court. The plaintiff stated under oath that he was willing to accept an offer of $100,000 in settlement of his claim. During the course of his sworn statement, he noted that he was known by two different names. The defense counsel asked to "have the releases and settlement in both names." The plaintiff's attorney replied that he had no objection, and read the proposed settlement into the record. While the court and the defense counsel were discussing the defense counsel's application to amend the caption, the defendant Joel Lichtenstein cried out "This is a sting. This is a fraud" and alleged that the plaintiff was not the man injured in the accident.

A witness to the accident testified that she recalled that the person struck by the defendants' vehicle was in his early thirties, while the plaintiff was in his fifties. Accordingly, the court decided that it "couldn't permit this settlement to go through", and directed the parties to proceed to trial before the jury that had been selected. The parties proceeded to trial, where the jury found that the plaintiff was not the man injured in the accident.

The plaintiff contends that a binding stipulation of settlement was reached. We disagree.

A stipulation entered into in open court need not be in writing and signed by the parties or their counsel (*see,* CPLR 2104), because "[t]he supervision of the court over the settlement assures the authenticity of the agreement and its terms" (*Anders v Anders,* 6 AD2d 440, 442). For the stipulation to be binding, a "complete agreement, definite and intended to be binding" must be reached while the court is still in session (*see, Matter of Dolgin Eldert Corp.,* 31 NY2d 1, 8).

In the instant case, the court's refusal to accept the stipulation before the proceedings had concluded was within its supervisory powers. O'Brien, J. P., Goldstein, Luciano and Smith, JJ., concur.