MARY A. TIRRELL, Appellant, v. MARTIN L. TIRRELL, Respondent.

**Husband and wife — may not by contract alter or dissolve marital relation — duty of husband to support wife — measure of support — inequitable and unjust separation agreement void.**

1. Neither husband nor wife are empowered by contract, oral or written, to alter or dissolve the marital relation. (Domestic Relations Law [Cons. Laws, ch. 14], § 51.)

2. In the public interest the state has ever deemed it essential that certain obligations should attach to a marriage contract, amongst which is the duty of a husband to support his wife, and the husband is without power to enter into any agreement or contract which will relieve him of such obligation.

3. The manner in which the wife is to be supported by the husband in a discharge of the obligation imposed upon him is not dependent upon any whim or caprice on his part, neither is he permitted to arbitrarily determine the measure of support which he shall provide for his wife. The law requires that the measure of support shall be commensurate with the manner in which the parties have lived and a consideration of the ability of the husband to furnish means of support.

4. Where in an action brought by a wife to set aside a separation agreement, a conclusion of the trial justice, that taking into consideration the circumstances of the defendant, the provision for the support and maintenance of plaintiff is unfair, inequitable and unjust and that the agreement is void, should be sustained, notwithstanding that the Appellate Division has found as a fact that the parties were actually separated at the time the agreement was made and have not lived together since.

*Tirrell* v. *Tirrell*, 190 App. Div. 463, reversed.

(Argued October 19, 1921; decided December 13, 1921.) ·

APPEAL from a judgment, entered February 24, 1920, upon an order of the Appellate Division of the Supreme Court in the first judicial department reversing a judgment in favor of plaintiff entered upon a dismissal of the complaint by the court at Special Term and directing a dismissal of the complaint.

*Bertha Rembaugh* for appellant. The separation agreement here in question was void in that it was made while the parties were living together and in that they separated after and because of it. (*Gilbert* v. *Gilbert,* 26 N. Y. Supp. 30; *Sunderlein* v. *Sunderlein,* 123 App. Div. 421; *Poillon* v. *Poillon,* 49 App. Div. 341; *Boyd* v. *Boyd,* 130 App. Div. 161; *Whitney* v. *Whitney,* 4 App. Div. 597; *France* v. *France,* 38 Misc. Rep. 460; *Winton* v. *Winton,* 161 N. Y. Supp. 405; *Maney* v. *Maney,* 119 App. Div. 765; *Edic* v. *Horn,* 43 Misc. Rep. 26; *Roth* v. *Roth,* 73 Misc. Rep. 673; *Gray* v. *Butler,* 116 App. Div. 816.) This agreement should be set aside as

15

inequitable and inadequate in its provisions in view of the financial position of the parties. (*Hungerford* v. *Hungerford*, 161 N. Y. 550; *Ducas* v. *Guggenheimer*, 173 App. Div. 884; *Pelz* v. *Pelz*, 156 App. Div. 765; *Glusker* v. *Glusker*, 108 Misc. Rep. 287; *Drummond* v. *Drummond*, 171 N. Y. Supp. 477; *Galusha* v. *Galusha*, 138 N. Y. 272; *Greenfield* v. *Greenfield*, 161 App. Div. 573; *France* v. *France*, 77 N. Y. Supp. 1015; *Uhler* v. *Uhler*, 128 N. Y. Supp. 964.)

*John F. Cowan* for respondent. The agreement of separation was valid. At the time of its execution plaintiff and defendant were actually separated. (*Pettit* v. *Pettit*, 107 N. Y. 677; *Clark* v. *Fosdick*, 118 N. Y. 7; *Poillon* v. *Poillon*, 49 App. Div. 341; *Archbell* v. *Archbell*, 158 N. C. 408; *Winter* v. *Winter*, 191 N. Y. 462; *Reardon* v. *Reardon*, 111 App. Div. 259; *France* v. *France*, 38 Misc. Rep. 459; *Effray* v. *Effray*, 110 App. Div. 545.) The agreement of separation was not inequitable and should not be set aside on that ground. (*Ducas* v. *Guggenheimer*, 173 App. Div. 884; *Greenfield* v. *Greenfield*, 161 App. Div. 573; *Winter* v. *Winter*, 191 N. Y. 462.)

HOGAN, J. The parties to this action are and since August 9th, 1894, have been husband and wife. There is no issue of their marriage. Defendant is a physician practicing his profession in the city of New York, and maintained an office in the dwelling house or home of himself and wife. For a number of years the parties apparently lived harmoniously together. In later years their relations became strained and though they resided in the same house as members of the household, the plaintiff caring for and performing the duties of a wife in the charge of the house, defendant providing for her and for the household expenses, since some time about 1909, they have not cohabited together as husband and wife. In

July, 1916, while they were eating luncheon together at their home, defendant caused to be served upon plaintiff a summons and complaint in an action for limited divorce. Plaintiff in due time appeared in the action and both parties continued the home as a residence until and including September first. Pending the action for a separation, negotiations were entered into between counsel for the parties which terminated on August 31st in an agreement of separation, and so far as material here to be considered provided that defendant should pay to plaintiff the sum of $8,400 in full for her support and maintenance and in full satisfaction and release of any right of dower in the real property of defendant and of any and all claims against defendant. The agreement recited that a division of personal property (household goods, ornaments, etc.) theretofore made should not be questioned between the parties.

Plaintiff thereupon executed a release of dower in premises No. 156 West One Hundred and Nineteenth street, New York, which has been occupied by the parties as a home; also in property at Hollis, Long Island, and has received the sum of $8,400 provided to be paid.

This action was brought to set aside the separation agreement for the reasons (1) that the same was void because made while the parties were living together and thereafter separated because of it; (2) because the provision for the maintenance of plaintiff was inequitable and grossly inadequate in view of the situation of the parties, the earning capacity and property interest of defendant; (3) that due to the nervous and physical condition of plaintiff at the time the agreement was made, the same did not represent her free act.

The trial justice found as matter of fact that the agreement of separation of August 31st was executed while the parties were living together; that the agreement so made was an agreement to separate in the future and the parties separated after the execution of same.

As matter of law, the trial justice concluded that the separation agreement of August 31st was void and in violation of the Domestic Relations Law (Cons. Laws, ch. 14), in that the parties were living together at the time of its execution and separated thereafter and because of it.

The Appellate Division reversed the above finding and conclusion and found as matter of fact that on August 31st the parties were actually separated and have not lived together since; that the agreement was executed for the purpose of providing a competence for plaintiff and was made after the parties had separated and because of such separation. As conclusion of law that the separation agreement is in all respects valid and does not violate the Domestic Relations Law.

The trial justice found as matter of fact that there was no consideration for the releases of dower executed by plaintiff and as matter of law that the same should be canceled.

The Appellate Division found as matter of fact that there was good and adequate consideration for the execution of the releases, and as matter of law they were valid and not inequitable.

Further findings made by the trial justice, undisturbed by the Appellate Division, were that plaintiff on August 31st, 1916, was forty-eight years of age, that she had at that time and has not now any income or means of support except what she received from defendant.

That during the year 1916 defendant owned real estate of the value of $13,000. His gross income in the year 1916 from his practice was upwards of $13,000, his net income for that year after deducting expenses of his business was upwards of $10,000, and deducting all necessary living and personal expenses there remained $6,000 net. That the average earnings and expenses of defendant in other years had been approximately the same as during the year 1916. That plaintiff had

expended all she received for her support except the sum
of $6,000.

The record discloses that plaintiff had, in addition,
expended for her support the sum of about one thousand
dollars which she had accumulated and had on deposit
in a savings bank; that upon receipt of the money paid
her by defendant she invested six thousand dollars in a
bond and mortgage, the income from the same constitut-
ing her sole means of support.

We are in accord with the findings of the trial justice
above referred to and his conclusion that taking into con-
sideration the circumstances of defendant, the provision
made for the support and maintenance of plaintiff is
unfair, inequitable and unjust.

At the time of the execution of the agreement, the
relation of husband and wife had existed between the
parties for a period of upward of twenty-two years. The
same relation continues to-day. Neither of the parties
was empowered by contract, oral or written, to alter or
dissolve that relation. (Domestic Relations Law, sec.
51.) In the public interest the state has ever deemed it
essential that certain obligations should attach to a
marriage contract, amongst which is the duty of a husband
to support his wife. Defendant was, therefore, shorn of
power to enter into any arrangement or contract which
would relieve him of such obligation. While the law
provides that for certain definite reasons a separation may
by judicial determination be granted to a husband or
wife, the obligation that the husband shall support the
wife continues.

In the instant case the husband and wife are living
apart. The manner in which the wife is to be supported
by the husband in a discharge of the obligation imposed
upon him is not dependent upon any whim or caprice
on his part, neither is he permitted to arbitrarily deter-
mine the measure of support which he shall provide for
his wife. To clothe a husband with such discretion might

easily result in a wife becoming a public charge, while a husband might continue to live in luxury. The law is not only more stringent but more merciful and requires that the measure of support shall be commensurate with the manner in which the parties have lived and a consideration of the ability of the husband to furnish means of support.

In August, 1916, the defendant was forty-eight years of age. During the twenty-two years that she and defendant had been married the latter had been fairly successful in the practice of his profession. From year to year his practice and income gradually increased. After the parties were married for some years they made frequent trips together and at all times while traveling, lived at first class hotels with comfort and regardless of expense. One trip made by them was to the Yosemite Valley, other trips to Newport, Vermont, Canada and in visiting relatives at various times. The plaintiff was at all times furnished with suitable clothing and ample funds for household expenses. Defendant testified that in the year 1916 (the separation having occurred August 31st) he had turned over to plaintiff $1,500 for household expenses. In August, 1916, the parties occupied a three-story and basement house in West One Hundred and Nineteenth street, New York, comfortably furnished. The title to the house was in defendant. A portion of the house he occupied for office purposes. Two servants were employed in the family. In addition defendant owned real estate on Long Island. The value of the real estate was found by the trial justice to be $13,000 above the mortgage lien. In addition he had on deposit in savings banks $6,000. A checking account in the Corn Exchange Bank, in which his monthly balances during the year 1916, previous to September first, were from $1,800 to $2,000 and held a few shares of stock in corporations. In his profession he maintained an automobile which cost $2,900 and employed a chauffeur to operate the same.

His income from his profession in 1916 was upwards of $13,000. After deducting expenses of his business his net income was $10,000, and after deducting living expenses and personal expenses his net income was upwards of $6,000.

The sum of $8,400 paid by defendant to plaintiff was made by a payment of $6,000 in cash and $100 per month for two years. Having expended the $2,400 and her savings, $1,000, she was reduced to the income from her investment of the $6,000 in bond and mortgage. The plaintiff at her period of life has been compelled to seek employment in various capacities and has been unable to secure a position which will provide her with means for her support. Her present condition, financially and physically, contrasted with the manner in which she had been supported and provided for by defendant down to September 1st, 1916, discloses a failure on the part of defendant to discharge the legal obligation imposed upon him. When one considers that defendant if ordinarily prudent during the year 1916, would after a liberal allowance for all expenses of his profession, living expenses, etc., including support of plaintiff to September 1st of that year, be enabled to lay aside at least the sum of $6,000, with his practice and income increasing, a suggestion that he has discharged the legal obligation resting upon him by providing substantially a sum equal to his net income for one year, for the support of his wife during her lifetime, and that such measure of support is fair, adequate and equitable, is fallacious. (*Hungerford* v. *Hungerford,* 161 N. Y. 550.)

The order and judgment of the Appellate Division should be reversed and the judgment of the Special Term affirmed, with costs to appellant in this court and in the Appellate Division.

McLAUGHLIN, J. (dissenting). Unhappy differences having arisen between defendant and plaintiff, husband

and wife, they entered into an agreement by which the husband agreed to pay the wife for her support and maintenance, and for releases of her dower interest in certain real estate owned by him, $8,400, which sum has been actually paid to her and of which she now has, or did have at the time this action was commenced, $6,000. She brought this action to set aside the agreement on the grounds: (1) That at the time of its execution the parties were living together as husband and wife; and (2) that the amount paid to her was inequitable. She had a judgment at Special Term, which, on appeal to the Appellate Division, was reversed and the complaint dismissed upon the merits. The Appellate Division unanimously found as a fact that the agreement was made and entered into after the parties had actually separated. It also found as a fact that at the time of the execution of the agreement and releases, the plaintiff was acting under the advice of counsel; that she executed them without coercion and was then in possession of facts sufficient to enable her to determine what sum she would accept as adequate provision for her future support. It also found there was a good and adequate consideration for the execution of the releases of dower and that the same were executed by her as a part of and pursuant to the agreement of separation. Notwithstanding these findings, this court is about to reverse the judgment and affirm the Special Term, upon the ground that the amount awarded to her was inadequate as matter of law.

In this I am unable to concur. *First.* Prior to the execution of the agreement there was laid before her the financial condition of the husband and she had the advice of counsel, who, before he would permit her to sign the agreement, insisted upon calling in a second counsel. With all this information before her she and her counsel decided that the sum of $8,400 was a sufficient amount, which sum was paid to her by the defendant, and of which she still has and retains $6,000. It is not suggested

that any fraud, deception or coercion was practiced upon her, or that she was deceived in any way as to defendant's financial condition, or as to the terms of the agreement or releases. She was the best judge of what she needed for support. (*Winter* v. *Winter,* 191 N. Y. 462.) Under such circumstances, and in view of the findings of the Appellate Division, which are conclusive upon this court, (*Matter of Housman,* 224 N. Y. 525) it seems to me we are not justified in reversing the Appellate Division and reinstating the judgment of the trial court.

*Second.* I had supposed that an agreement, not illegal in its inception and lawful upon its face, could not be rescinded by one party without returning to the other the benefits received; in other words, that he could not keep the benefits of a contract and at the same time repudiate it. This rule applies to a separation agreement, except in so far as the wife has expended the consideration received for her support and maintenance. The plaintiff in this action has not complied with this rule. She still holds, or did when the action was commenced and tried, $6,000, which the defendant paid to her as a consideration for the agreement and releases referred to. (*Tallinger* v. *Mandeville,* 113 N. Y. 427; *Hungerford* v. *Hungerford,* 161 N. Y. 550.) Before she could be permitted to rescind the agreement and releases she was obliged to restore to the defendant, or offer to do so, so much of the consideration as she had not already expended for her own support and maintenance. She did neither.

I, therefore, dissent and vote to affirm the judgment.

CARDOZO, POUND, CRANE and ANDREWS, JJ., concur with HOGAN, J.; McLAUGHLIN, J., reads dissenting opinion; HISCOCK, Ch. J., not sitting.

Judgment reversed, etc.