MAUDE IRMA HARDING, Appellant, *v.* CHARLES E. HARDING, Respondent.

Fourth Department, December 6, 1922.

*Husband and wife — action by wife to set aside separation agreement — plaintiff entitled to examine defendant before trial as to his present financial condition — defendant's obligation to support plaintiff exists notwithstanding agreement.*

A wife who has brought an action to set aside a separation agreement on the ground that the lump sum which her husband paid to her was inadequate inequitable and unjust, and that the contract was improvidently made by her, is entitled to examine her husband before trial as to his present financial condition and should not be limited to an examination of him as to his financial condition at the time the agreement was made.

A husband's obligation to support his wife exists notwithstanding any separation agreement or any payment made thereunder to his wife.

APPEAL by the plaintiff, Maude Irma Harding, from an order of the Supreme Court, made at the Onondaga Special Term and entered in the office of the clerk of the county of Onondaga on the 25th day of May, 1922, limiting the scope of the examination of the defendant before trial.

*Rothwell, Harper & Matthews* [*Albert C. Rothwell* of counsel], for the appellant.

*Bond, Schoeneck & King* [*George H. Bond* of counsel], for the respondent.

CLARK, J.:

This action is brought to set aside a separation agreement entered into between the parties on the 30th day of January, 1915.

The parties were married on the 19th day of October, 1904, and lived together as man and wife for more than ten years thereafter. Differences arose between them, and on the 30th day of January, 1915, some time after they had separated, they entered into an agreement whereby, in consideration of the sum of $10,000 paid to her by defendant, plaintiff agreed to accept said amount

46

in full satisfaction and payment for her maintenance and support during her natural life.

This action is brought to set aside that agreement on the ground that the sum of $10,000 which defendant paid to her is inadequate, inequitable and unjust, and that the contract was improvidently entered into by her, she claiming that at the time she was ill, under a nervous strain, unstrung and hysterical, and unable to judge wisely or prudently with reference to her affairs, and that she did not know defendant's financial circumstances, which he had always been careful to conceal from her.

She further claims that defendant is a vice-president of the United Cigar Stores Company of America, has an income of upwards of $15,000 a year, and is worth upwards of $250,000.

By his answer defendant disputes these allegations.

The relation of husband and wife has never been dissolved between the parties, and it could not be dissolved by the parties by any agreement. (Dom. Rel. Law, § 51.)

When defendant married plaintiff, among the obligations he assumed was that of supporting her according to his means and station in life. That obligation still rests upon him. She asserts that she is in a precarious state of health, and is practically destitute and physically unable to work and earn her living.

Plaintiff, still being defendant's wife and the obligation still resting upon him by law to support her according to his circumstances in life, has the right to know what his circumstances are, and should not be limited to ascertaining his financial condition at the time the contract was made. (*Tirrell* v. *Tirrell*, 232 N. Y. 224.)

While defendant paid plaintiff $10,000, according to agreement, if because of ill health she has been unable to support herself, and has practically exhausted that fund, can it be said that defendant's obligation to support his wife has ceased, because he made such payment? We do not think so. His obligation to support his wife is a continuing one so long as that relation exists, and he ought not to be permitted to escape responsibility for her support even though he paid what he agreed to pay at the time the separation agreement was made.

When this agreement was entered into the plaintiff and defendant were not the only parties interested. The public was and is interested in seeing to it that a man supports his wife to the end that she may not become a public charge. Plaintiff still being defendant's wife, and the obligation to support her still resting upon defendant, the measure of that support should be based upon his ability to furnish it.

To furnish her the necessary information as to his ability to provide for her support, the examination of defendant should not be limited to the year 1914 and the month of January, 1915, but plaintiff should be permitted to examine her husband as to his financial condition during the period specified in the notice which was served on him.

The order appealed from should be reversed, with ten dollars costs, and the motion to limit the scope of the examination should be denied, with ten dollars costs.

All concur.

Order reversed, with ten dollars costs and disbursements, and motion to limit examination denied, with ten dollars costs.