MAUDE I. HARDING, Respondent, *v.* CHARLES E. HARDING, Appellant.

*Husband and wife — practice — action to set aside separation agreement — when examination of defendant before trial may not be limited as to income and property to period at which agreement was made.*

*Harding* v. *Harding,* 203 App. Div. 721, affirmed.

(Argued April 16, 1923; decided May 1, 1923.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the fourth judicial department, entered December 23, 1922, which reversed an order of Special Term limiting the scope of an examination of the defendant before trial in an action to cancel and set aside a separation agreement entered into by husband and wife. The order of Special Term limited the examination of the defendant as to his income and property to a period immediately preceding the date on which the agreement was made. The following question was certified: " Under the allegations of the complaint and answer in this case, is the evidence of defendant's income and property during the years 1915, 1916, 1917, 1918, 1919, 1920, 1921 and 1922 relevant, material and proper? "

*Edward L. Robertson* for appellant.

*Albert C. Rothwell* for respondent.

Order affirmed, with costs; question certified answered in the affirmative; no opinion.

Concur: HOGAN, CARDOZO, POUND and CRANE, JJ. Dissenting: · HISCOCK, Ch. J., McLAUGHLIN and ANDREWS, JJ.

---

In the Matter of the Probate of the Will of SOPHIA GOERS, Deceased.

JULIUS GOERS, Appellant; EMMA J. WHYTE, Respondent.

*Will — objections to probate on the ground of incapacity and undue influence properly overruled.*

*Matter of Goers,* 199 App. Div. 953, affirmed.

(Argued April 16, 1923; decided May 1, 1923.)

APPEAL from an order of the Appellate Division of the Supreme Court in the fourth judicial department, entered

December 16, 1921, which reversed a decree of the
Monroe County Surrogate's Court admitting to probate
the will of Sophia Goers, deceased.  The will gave $100
to a son and the balance of the estate to a daughter with
whom testatrix had resided for over two years before
her death.  The validity of the will was questioned upon
the grounds of incapacity and undue influence.  The
Appellate Division held:  " The undisputed evidence
shows that the testatrix was competent to make the will,
and the contestant failed to make out a case of undue
influence."

*Eugene Van Voorhis* for appellant.

*Ernest C. Whitbeck* for respondent.

Order affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND,
McLAUGHLIN, CRANE and ANDREWS, JJ.

---

In the Matter of the Accounting of COLUMBIA TRUST
COMPANY, as Ancillary Executor of ISABEL F. CART-
LEDGE, Deceased, Respondent.

CHARLES F. CARTLEDGE, Appellant.

*Decedent's estate — gift by will to debtor of testatrix of securities held
by him as collateral — claim against estate for amount of indebtedness
disallowed.*

*Matter of Columbia Trust Co., 203 App. Div. 899, affirmed.*

(Argued April 16, 1923; decided May 1, 1923.)

APPEAL, by permission, from an order of the Appellate
Division of the Supreme Court in the first judicial depart-
ment, entered November 24, 1922, which unanimously
affirmed a decree of the New York County Surrogate's
Court disallowing a claim of the appellant as creditor
against the estate of Isabel F. Cartledge, deceased.  The
claim was for money advanced under an agreement, the
material part of which recites that the testatrix owned
340 shares of stock of the Cartledge Realty Company;
that assessments had been made upon the stock and
were likely to continue to be made, exceeding her ability
to pay, and that in consideration of the appellant's pay-