JEAN W. BROWN, Plaintiff, *v.* JAMES D. BROWN and HARVEY P.
CONOWAY, as Trustee under a Certain Agreement between
JEAN D. BROWN and JAMES D. BROWN, Dated December 5,
1910, Defendants.

Supreme Court, Kings Special Term, March, 1924.

**Husband and wife — action by wife to declare void separation agreement — examination of defendant before trial as to income limited to year prior to execution of agreement where provision for weekly payments is made — obligation of husband established if provision when made is adequate.**

In an action to have a separation agreement declared void, on the ground that the provision for the plaintiff of twenty-five dollars weekly is unfair and inadequate for her support, an examination of the defendant before trial as to his financial affairs will be limited to the year prior to the execution of the agreement.

If the provision when made is adequate, that establishes the obligation of the husband.

MOTION to vacate notice of examination before trial.

*Delafield, Thorn & Burleigh (Claude A. Hope,* of counsel), for plaintiff.

*Meier Steinbrink (Frank E. Johnson,* of counsel), for defendants.

LAZANSKY, J. Motion to vacate a notice of examination before trial. The action is brought in equity to have declared void a separation agreement made in 1910, between plaintiff, wife, and defendant, husband, on the ground of duress and that the provision of twenty-five dollars per week made in the agreement for plaintiff's support is unfair, unjust, inequitable and inadequate to provide her with the necessaries of life in accordance with the manner in which she was accustomed to live prior to the making of the agreement. By notice of examination plaintiff seeks to examine the defendant as to the amount of his income, not only during the year in which the agreement was made, but for every year subsequent thereto up to the time of the commencement of the action. The motion to vacate is made upon the ground that plaintiff is not entitled to an examination subsequent to the year when the agree-

ment was made, because for those years his income is entirely immaterial. The general impression has been, and was up to the time of the decision in *Harding* v. *Harding*, 203 App. Div. 721, that the only question involved in an action such as this was whether or not, at the time the agreement was made, adequate support was provided for the wife in light of the circumstances of the parties and their methods of living. If that were so, the only information that plaintiff would need to prepare for trial as to defendant's finances would be the status thereof at the time the agreement was made. The complaint in the *Harding* case alleges the execution of the agreement on or about January 30, 1915; that at the time thereof plaintiff was sick and in a hysterical condition and unable to judge wisely or prudently in relation to her affairs; that at the time of the execution of the paper plaintiff did not know of defendant's financial circumstances, and without full knowledge thereof and because of her ill health and nervous condition she joined in the execution of the agreement; that, although the agreement recites that the parties had separated, they were living together up to the night before the signing of the paper, and that she left her house on the day of the signing of the paper; that she is practically in destitute circumstances, and in a precarious state of health, and without funds, and almost physically unable to work and to secure funds with which to live; that the provision in the agreement is invalid, unfair, inequitable and unjust, and did not and does not provide adequate support for plaintiff; that defendant has been in receipt of a large and handsome income for a number of years of upwards of $15,000 a year and with his investments is now worth the sum of $250,000, and judgment was asked to have the contract canceled and set aside and to be declared of no force and effect; that the plaintiff be restored to her rights and position as wife of the defendant. The agreement sets forth that the parties were living apart, and provided for the payment of $10,000 by the husband to the wife in full payment and satisfaction for her maintenance and support during her life. This is what the Appellate Division of the fourth department says:

" The relation of husband and wife has never been dissolved between the parties, and it could not be dissolved by the parties by any agreement. (Dom. Rel. Law, § 51.)

" When defendant married plaintiff, among the obligations he assumed was that of supporting her according to his means and station in life. That obligation still rests upon him. She asserts that she is in a precarious state of health, and is practically destitute and physically unable to work and earn her living.

" Plaintiff, still being defendant's wife and the obligation still

resting upon him by law to support her according to his circumstances in life, has the right to know what his circumstances are, and should not be limited to ascertaining his financial condition at the time the contract was made. (*Tirrell* v. *Tirrell,* 232 N. Y. 224.)

" While defendant paid plaintiff $10,000, according to agreement, if because of ill health she has been unable to support herself, and has practically exhausted that fund, can it be said that defendant's obligation to support his wife has ceased, because he made such payment? We do not think so. His obligation to support his wife is a continuing one so long as that relation exists, and he ought not to be permitted to escape responsibility for her support even though he paid what he agreed to pay at the time the separation agreement was made.

" When this agreement was entered into the plaintiff and defendant were not the only parties interested. The public was and is interested in seeing to it that a man supports his wife to the end that she may not become a public charge. Plaintiff still being defendant's wife, and the obligation to support her still resting upon defendant, the measure of that support should be based upon his ability to furnish it.

" To furnish her the necessary information as to his ability to provide for her support, the examination of defendant should not be limited to the year 1914 and the month of January, 1915, but plaintiff should be permitted to examine her husband as to his financial condition during the period specified in the notice which was served on him."

In that case there was certified to the Court of Appeals the following question: " Under the allegations of the complaint and answer in this case, is the evidence of defendant's income and property during the years 1915–1922 relevant, material and proper? " The order was affirmed, and the question certified answered in the affirmative. *Harding* v. *Harding,* 236 N. Y. 514. It would seem, if the rule laid down by the court in the *Harding* case be followed to its logical conclusion, the same result would be reached in a case where a lump sum was given, more than ample through its income to provide adequately, and the wife squandered the principal, and in a case where an annual provision, adequate for the wife's support, when the allowance was made, is exhausted at the beginning of the year, or where a weekly provision adequate at the time it was made has become inadequate because of changed economic conditions. In other words, a separation agreement which makes ample provision for the wife when made is voidable at the will of the wife. But even if the sum provided for in the

*Harding* case is shown, in light of subsequent events, to have been insufficient, I cannot understand how the examination of defendant for years subsequent to the year in which the agreement was made has any bearing upon that question. At page 722 the court say: " When this agreement was entered into the plaintiff and defendant were not the only parties interested. The public was and is interested in seeing to it that a man supports his wife to the end that she may not become a public charge. Plaintiff still being defendant's wife, and the obligation to support her still resting upon defendant, the measure of that support should be based upon his ability to furnish it."

Of course, if the provision were originally inadequate as disclosed by subsequent conditions, the husband is not relieved of his duty to support his wife. But how will a disclosure of his financial status in subsequent years help in determining what the measure of his duty was at the. time the agreement was made? Conceding that the wife has necessarily spent the $10,000, indicating that such an allowance was not an adequate one, the question is what should have been allowed at the time the agreement was made to have given her enough for a lifetime. If the provision made has been exhausted there may be a present day duty to support according to present financial status. That has nothing whatsoever to do with the question of whether or not the original provision was adequate. In *Tirrell* v. *Tirrell*, 232 N. Y. 224, there was a provision of $8,400 made in 1916. In 1918, at the time of the commencement of the action, plaintiff had spent $2,400 thereof and also $1,000 of her own savings. She had left the sum of $6,000 invested in bond and mortgage. She was in ill health and had been unable to procure employment to provide her with means for her support. The court (at p. 231) says: " Her present condition, financially and physically, contrasted with the manner in which she had been supported and provided for by defendant down to September 1st, 1916, discloses a failure on the part of defendant to discharge the legal obligation imposed upon him." By that the court undoubtedly meant the legal obligation imposed upon him in light of the conditions at the time the agreement was made and tested by the ability of plaintiff to live upon the amount provided, as developed by subsequent events. For the court says: " When one considers that defendant if ordinarily prudent during the year 1916, would after a liberal allowance for all expenses of his profession, living expenses, etc., including support of plaintiff to September 1st of that year, be enabled to lay aside at least the sum of $6,000, with his practice and income increasing, a suggestion that he has discharged the legal obligation resting upon him by

providing substantially a sum equal to his net income for one year, for the support of his wife during her lifetime, and that such measure of support is fair, adequate and equitable, is fallacious." In other words, it seems to me that the Court of Appeals has held that the manner in which the wife is to be supported by the husband is to be determined by the financial condition of the husband at the time the agreement was made and whether or not the provision was adequate when made may be determined by her ability to live on that which was provided, as disclosed by subsequent events.

In *Winter* v. *Winter*, 191 N. Y. 462, 473, it is stated: " Does the contract in question ' relieve the husband from his liability to support his wife ' in violation of the Domestic Relations Law? An agreement by the husband to pay such a sum for the support of his wife as is satisfactory to her, cannot be said to have that effect. (*Reardon* v. *Woerner*, 111 App. Div. 259.) In *France* v. *France* [38 Misc. Rep. 459] it was stated that the contract does not alter or dissolve the marriage nor relieve the husband from his liability to support his wife, but rather insures the fulfillment of that liability; or, as it was put in *Effray* v. *Effray* [110 App. Div. 545], it is ' in compliance with that duty and in furtherance of his obligations in that regard.' If it should turn out that the provision for the support of the wife was inadequate and that she accepted it unadvisedly and imprudently, a court of equity has power to set it aside upon restitution to the husband of so much of the consideration as the wife had not already expended for her own support. (*Hungerford* v. *Hungerford*, 161 N. Y. 550.)

" The clause in question was not intended to change, but to preserve the law as it previously existed and to prevent the broad powers committed to the wife by the forepart of the section to make any contract ' with any person, including her husband,' from opening the door so wide that she could release her husband from his liability without any adequate provision for her support being made by him. She does not relieve him of his obligation when she accepts his promise to perform it and he does not forsake his duty when he agrees to discharge it to her satisfaction. She is the best judge of what she needs for her support and the amount may be fixed and settled by an agreement made after actual separation without violating any principle of law or any statute now in existence." The plain intimation is that if the provision when made is adequate, that establishes the obligation of the husband.

Recognition of the authority of *Harding* v. *Harding, supra*, does not compel me to follow it except in a case where the facts are similar. Therefore, until further light is cast upon the situation, I shall limit the holding thereof to a case where the provision is in

the form of a lump sum and hold it has no application to a case where a weekly provision is made, such as in the case at bar. The examination, therefore, will be limited to the financial affairs of defendant during the year prior to the time the agreement was executed. In order to give plaintiff an opportunity to present the matter to the Appellate Division, if she be so advised, it may be provided in the order to be entered hereon that the examination be adjourned to a day after a determination by the Appellate Division, upon five days' notice.

Ordered accordingly.