CAROLINE L. LEITH, Plaintiff, *v.* CHARLES C. LEITH, Defendant.

Supreme Court, Monroe County, November 26, 1924.

**Husband and wife — separation — action in equity by wife to set aside separation agreement on ground of fraud — wife acquired title to house, division of household furniture and cash payment by terms of agreement — wife sold house for amount less than its value and took avails of sale within three months after agreement — husband's earning capacity unchanged since agreement was made — husband not guilty of fraud and deceit in inducing wife to execute agreement — provision for wife commensurate with manner in which parties lived and in keeping with husband's ability to furnish means of support — failure of wife to prudently manage avails of transaction — court without power to reform agreement — complaint dismissed.**

In an action in equity to set aside a separation agreement on the ground of fraud, the complaint should be dismissed, where it appears that under the terms of the agreement, the wife acquired title to the house in which the parties had lived, plus $75 in cash, as well as the use of a certain portion of the household furniture, as long as she maintained the home, and a half interest in the proceeds of the sale of such as was owned in common upon the sale of the house; that within three months after the execution of the agreement, the wife sold the house at an amount considerably less than its value; that from the sale of the house and other items she received $7,243.69 which, with the exception of $2,000, she claims to have disbursed in furnishing herself with a proper maintenance; that the husband's ability to furnish means of support has not changed materially since the separation agreement was concluded; that the wife's management of the property secured to her by the agreement has not been prudent or economical; and that the parties cannot be placed where they were before the execution of the agreement, either by restoration or adjustment.

It is beyond the power of the court to reform the agreement, since there is no proof that the husband was guilty of fraud or deceit, that the provision in the wife's behalf was inadequate, or that she accepted it unadvisedly or imprudently.

Moreover, the wife was the best judge of what she required for her support and she chose an arrangement which, under the proof, was commensurate with the manner in which the parties had lived and in consideration of the husband's ability to furnish means of support.

ACTION to set aside separation agreement.

*John Van Voorhis' Sons,* for the plaintiff.

*Arthur T. Pammenter,* for the defendant.

THOMPSON, J.:

While living separate and apart and after long negotiations in which each was represented by counsel, on July 30, 1921, plaintiff and defendant entered into a separation agreement, by the terms of which the wife acquired a deed of the home, the title to which had rested in each, as tenants by the entirety, subject to a mortgage of $2,800, interest upon which the husband agreed to pay for

three years, and the sum of $75 cash. The agreement further provided for a listing and division of the household furniture, the use of all of which was given to the wife so long as she kept the home; so much of it as was owned by the parties in common to be sold, however, and the proceeds divided in case of a sale of the house.

After fulfilling the terms of this agreement the husband had left for himself a small jewelry manufacturing business with a quite inconsiderable amount of stock and a very meager equipment of tools. In a very short time, and on October 6, 1921, the wife sold the house for $10,300, an amount considerably less than its value, thereby relinquishing her right to the use of the furniture, and to the payment of the interest on the mortgage in accordance with the contract. From the sale of the house, the $75 cash, and the accrued interest on the mortgage which the husband paid, plaintiff received $7,243.69, which, with the exception of about $2,000, she claims to have exhausted in furnishing herself with a proper maintenance.

The law imposes upon the husband the duty of supporting his wife during their joint lives, and the statute in terms makes void a contract between them which attempts to excuse him from the performance of this duty. It, therefore, follows that when a husband and wife agree upon the payment of a lump sum or the transfer of specific property in fulfillment of this obligation, such money or property must be sufficient to furnish the wife with a measure of support commensurate with the manner in which the parties have lived and a consideration of the husband's ability to furnish means of support. (*Tirrell* v. *Tirrell,* 232 N. Y. 224; *Harding* v. *Harding,* 203 App. Div. 721; affd., 236 N. Y. 514; *Brown* v. *Brown,* 122 Misc. 714.)

The husband in this case is now forty-nine years of age and the wife is forty-seven. They were married December 28, 1898, and separated May 13, 1921. At that time they owned the home, worth from $12,000 to $15,000, subject to a mortgage of $2,800, and the business worth from $2,000 to $3,000, from which, largely through the work of the defendant, a practical mechanic, an annual income from $1,500 to $2,500 was derived. The whole property was accumulated by the hard and continuous labor and constant thrift of both parties; the husband in the shop, and the wife keeping the home and assisting in the business. Thus the fact that title to the home was held by the parties in severalty is of little consequence here. In cases of this sort the home, the business and the earning capacity of both parties should be counted as the community property of the family. In passing let it be noticed that while the agreement contains no mention of it, the

husband surrendered, and the wife gained, the husband's right to the wife's services both in the home and in the business. The business did not then nor does it now represent investment or capital of any considerable amount. Its net worth rests almost entirely in the labor and supervision of defendant; the stock and tools and good will being of no value in the way of producing income, except through the defendant, and the proofs indicating that the total net profits gained from the business are little, if any, in excess of the wages currently paid a mechanic in the same line of work.

At present defendant receives not more than $2,500 per year clear for his labor and profits in this business, and so far as his " ability to furnish means of support " for his wife is concerned the proofs show that there is little if any change in his circumstances in this respect since the contract was made. The complaint alleges that the plaintiff was persuaded to enter into this agreement by deceit practiced upon her by the defendant as to his property and relies to some extent upon two statements that defendant made to commercial agencies. I do not credit the contents of these statements in any respect, rather do I take them as an effort to bolster up the doubtful credit of the business at the time.

Coming then to a conclusion, I hold that defendant was guilty of no fraud or deceit which caused or induced the plaintiff to enter into this agreement. Nor do I find on the whole case, and after applying the tests the law provides, that the provision for the wife was inadequate or that she accepted it unadvisedly or imprudently.

In reaching a decision in this most important and difficult case I have endeavored to give expression to the law as it is found in the *Tirrell* and *Harding Cases* (*supra*), which seem to hold that the provision for the support of the wife in a separation agreement must be commensurate with the manner in which the parties have lived and a consideration of the husband's ability to furnish means of support. And the duty of the husband to support the wife being a continuing one, and the agreement purporting to be effective for all time, such provision may be put to the test of future conditions in a proper action, when facts transpiring between the time of the contract and the trial of the action may be heard and applied, and a proper consideration given as well to the probable future requirements of the wife and the abilities of the husband to meet them. The " public interest " which is involved in cases of this character has abundant and appropriate protection in the statute, which at the same time gives a remedy to the wife which may not always be available to her in equity. (Code Crim. Proc. § 899, subd. 1; *People* v. *De Wolf*, 133 App. Div. 879; *People* v. *Smith*, 139 id. 361.)

This was a just and fair transaction. (*Hendricks* v. *Isaacs*, 117 N. Y. 411.)

The wife was the best judge of what she needed for her support and she chose this arrangement. (*Winter* v. *Winter*, 191 N. Y. 462; *Cain* v. *Cain*, 188 App. Div. 780.)

It plainly appears that her management of the property secured to her by the agreement and its avails has not been prudent or economical, and that the husband's ability to furnish means of support has not materially changed since the contract was concluded. It is beyond the power of the court in any event to reform the agreement by making a new one in place of the one adopted by the parties. (*Stoddard* v. *Stoddard*, 227 N. Y. 13, 20.)

The parties could not be placed back where they were before the contract was made, either by restoration or adjustment as the facts exist in this case. (*Hungerford* v. *Hungerford*, 161 N. Y. 550.)

It must be remembered that this is not a matrimonial action, but an action in equity. (*Johnson* v. *Johnson*, 206 N. Y. 561; *Pelz* v. *Pelz*, 156 App. Div. 765, 768.)

In such circumstances equity will not act. The complaint is dismissed, without costs.