BLANCHE ROSENTHAL, Appellant, *v.* SAMUEL G. ROSENTHAL, Respondent.

First Department, November 7, 1930.

*Lester Hand Jayne*, for the appellant.

*Louis Salant* of counsel [*Eli S. Wolbarst* with him on the brief; *Stein & Salant*, attorneys], for the respondent.

MARTIN, J. The question presented by the order here for review involves the right of a plaintiff wife to an examination before trial in a matrimonial action. On March 27, 1921, the parties were married. Thereafter they agreed to live separate and apart. After their separation and on February 14, 1925, they entered into a separation agreement by the terms of which the husband agreed to pay his wife forty dollars a week. The payments, it is alleged, have been made regularly pursuant to the agreement. On May 8, 1929, the plaintiff commenced this action to cancel and set aside the separation agreement upon the ground that she was forced into the agreement by her husband's failure to support her between December 10, 1924, the date of the separation, and February 14, 1925, the date of the separation agreement, and because of threats that he would not support her unless she accepted the terms thereof.

The plaintiff on December 20, 1929, moved for an examination before trial of the defendant. All of the items requested were granted except item " d," which reads as follows: " (d) As to his income from various companies, corporations, firms, investments and other sources covering the period from January, 1924, to date, and requiring said Samuel G. Rosenthal to produce upon said examination books, ledgers, bank-books, check-books, income tax return receipts, covering the period from January, 1924, to date, and any other books or papers containing entries of earnings covered by said period; and for such other and further relief as to the Court may seem just and proper in the premises."

The court evidently based the refusal to permit such examination upon the authority of *Crowell* v. *Crowell* (218 App. Div. 767). The examination was there refused because of the particular circumstances of that case. The defendant husband on the appeal contended that the reason an extensive examination was sought was to be found in a pending divorce action brought by the wife where the evidence she sought in the examination was to be used and that, therefore, the examination was not demanded in good faith.

The law applicable to this subject will be found in *Tirrell* v. *Tirrell* (232 N. Y. 224). The court there held that the plaintiff,

still being defendant's wife and the obligation still resting upon him by law to support her according to his circumstances in life, has the right to know what his circumstances are, and should not be limited to ascertaining his financial condition at the time the contract was made.

In *Harding* v. *Harding* (203 App. Div. 721), which was afterwards affirmed by the Court of Appeals (236 N. Y. 514), the court held that a wife who has brought an action to set aside a separation agreement on the ground that the lump sum which her husband paid to her was inadequate, inequitable and unjust, and that the contract was improvidently made by her, is entitled to examine her husband before trial as to his present financial condition, and should not be limited to an examination of his financial condition at the time the agreement was made, and that a husband's obligation to support his wife exists notwithstanding any separation agreement or any payment made thereunder to his wife.

Thereafter, it was sought to limit *Harding* v. *Harding* (*supra*) in *Brown* v. *Brown* (122 Misc. 714). It was there held that an examination of defendant before trial as to such financial affairs would be limited to the year prior to the execution of the agreement. That decision was reversed (209 App. Div. 835), which reversal was affirmed by the Court of Appeals (239 N. Y. 518).

It appears, therefore, that under a complaint in an action to set aside such an agreement, the plaintiff has a right, when the application is made in good faith, to examine the defendant, not only with reference to his financial condition during the year the agreement was made, but up to the time of trial, in order that she may ascertain that financial condition and obtain support in keeping therewith.

The order so far as appealed from should be reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs.

DOWLING, P. J., FINCH, MCAVOY and O'MALLEY, JJ., concur.

Order so far as appealed from reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs. The date for the examination to proceed to be fixed in the order. Settle order on notice.