Vincent A. Lupiano, J.
Defendant moves to vacate the notice of examination before trial served upon Mm. The information desired through this pretrial examination concerns the circumstances of the signing of the two alleged agreements and companion agreements therewith; the residence and domicile of the defendant in the year 1957; his assets at the time each agreement was signed; his present assets and income and sources of income since 1956.
This is a matrimonial action in which the plaintiff wife has pleaded five causes of action. In the first, plaintiff asserts that the parties were married in Connecticut on July 3, 1955 and charges the defendant with various unnatural sex and adulterous relationships. The second cause is based upon cruel and inhuman treatment, intermixed with sexual matters; a separation is sought on the basis of those causes of action. In the third cause, plaintiff alleges that on or about February 12, 1957 she and defendant executed a separation agreement which she now seeks to set aside. In the fourth cause, she avers that she signed a special power authorizing an attorney to appear for her in a Mexican divorce action and that a divorce was procured on February 28, 1957 based upon the alleged personal appearance of the husband and the entry of the general appearance interposed on her behalf, and requests a judgment that the divorce be declared void. In the fifth cause, plaintiff seeks to cancel the agreement dated November 11, 1957 intended, she says,' in place and stead of the agreement of February 12, 1957 which she contends was planned “ to induce the plaintiff to obtain a divorce and to induce her to perpetrate a fraud upon the courts of Alabama
*798 By the latter three causes plaintiff seeks to nullify the Mexican divorce decree obtained by the defendant, and prays for a declaration that the separation agreements be deemed cancelled on the grounds of defendant’s fraudulent concealment of his true assets and income; that during most of the time they lived together defendant’s behavior placed her under constant strain and fear; that she was under medical care and sedation which sedation was increased when she learned of defendant’s shocking behavior. Respecting items 1-3, plaintiff claims that on both crucial days, February 12 and November 11, 1957, and for a time before and after, because of the acts of defendant which constitute the basis for the plaintiff’s first and second causes of action for a separation, plaintiff was ill and upset, ‘ ‘ unable to comprehend or observe fully those things which were happening around her ” and, therefore, does not possess a completeness of understanding as to the execution of the agreements and appearance in question. Hence, she claims special circumstances exist justifying the examination in that aspect, as well as being material and necessary. Plaintiff urges ‘ ‘ that such examination may be had without going into defendant’s prior acts of sexual misconduct and cruelty ” and in that scope she will be limited in the examination allowed.
In that branch of the instant motion, wherein plaintiff attacks the validity of the agreements on grounds of defendant’s alleged concealment and nondisclosure of his assets, defendant may be examined as to his assets, for such inquiry relates not to the merits of the matrimonial action but to the separate cause of action for rescission (see Harding v. Harding, 236 N. Y. 514; Citron v. Citron, 5 Misc 2d 1004; Immerman v. Immerman, 230 App. Div. 458). Moreover, the period which may be covered by the financial examination is not limited to the time the agreements were made (Brown v. Brown, 239 N. Y. 518), but rather from some reasonable time before the agreements were signed up to the present (Rosenthal v. Rosenthal, 230 App. Div. 483).
As to defendant’s domicile at the time he attempted to obtain a foreign divorce, since plaintiff has the burden of disproving defendant’s domicile, she is entitled to examine him on that issue (Brunel v. Brunel, 64 N. Y. S. 2d 295).
Accordingly, the motion to vacate the notice of examination before trial is denied except as to the restriction hereinbefore indicated with respect to items 1, 2 and 3.
Let the examination proceed on April 27,1959 at Special Term Part II of this court, unless otherwise stipulated.