Frederick Backer, J.
This is a motion for examination before trial and production of books and records in connection with such examination.
The action is to set aside a separation agreement on the ground of failure to disclose material facts and the physical condition of the plaintiff, which prevented her comprehension of the full import of the agreement. Plaintiff further alleges that the defendant has continually concealed the sources and extent of his income and capital assets. It is also alleged that subsequent to the execution of the agreement the defendant has *712 continually refused to disclose any information as to the same facts.
The allegations of the relevant paragraphs of the complaint are set forth verbatim later in this opinion.
The answer of the defendant consists of denials and admissions without any affirmative defenses or counterclaim. It is well settled that in an action brought by the wife to cancel the separation agreement the husband’s financial and social standing is a proper subject on his examination before trial.
An examination of the cases through the years with respect to an examination before trial in an action to rescind the separation agreement discloses that in 1922 the Appellate Division in Harding v. Harding (203 App. Div. 721) decided that such examination was proper. A wife brought an action to set aside a separation agreement on the ground that the lump sum which her husband paid to her was inadequate, inequitable and unjust, and that the contract was improvidently made by her, is entitled to examine her husband before trial as to his present financial condition and should not be limited to an examination of him as to his financial condition at the time the agreement was made. The court held (pp. 722-723): “ This action is brought to set aside that agreement on the ground that the sum of $10,000 which defendant paid to her is inadequate, inequitable and unjust, and that the contract was improvidently entered into by her, she claiming that at the time she was ill, under a nervous strain, unstrung and hysterical, and unable to judge wisely or prudently with reference to her affairs, and that she did not know defendant’s financial circumstances, which he had always been careful to conceal from her. * * * When this agreement was entered into the plaintiff and defendant were not the only parties interested. The public was and is interested in seeing to it that a man supports his wife to the end that she may not become a public charge. Plaintiff still being defendant’s wife, and the obligation to support her still resting upon defendant, the measure of that support should be based upon his ability to furnish it. To furnish her the necessary information as to his ability to provide for her support, the examination of defendant should not be limited to the year 1914 and the month of January, 1915, but plaintiff should be permitted to examine her husband as to his financial condition during the period specified in the notice which was served on him ”,
This case went to the Court of Appeals, which affirmed the Appellate Division (236 N. Y. 514) on the following certified question: ‘ ‘ Under the allegations of the complaint and answer in this case, is the evidence of the defendant’s income and prop *713 erty during the years 1915, 1916, 1917, 1918, 1919, 1920, 1921 and 1922, relevant, material and proper? ” This question was answered in the affirmative. It is, therefore, clear that the financial condition of a defendant in an action to set aside a separation agreement is pertinent and relevant to the litigation.
This case was followed by Brown v. Brown (209 App. Div. 835) wherein the court held: “ Order reversed on the law and the facts, with ten dollars, costs and disbursements, and motion to vacate notice for examination denied. In so far as concerns what the Court of Appeals in Harding v. Harding (236 N. Y. 514, affg. 203 App. Div. 721) regarded as ‘ relevant, material and proper,’ we are unable to distinguish that case from the present one.” This case likewise went to the Court of Appeals in Brown v. Brown (239 N. Y. 518) in which the following headnote and decision disclose that the court reaffirmed its position in Harding v. Harding: ‘ ‘ Appeal, by permission, from an order of the Appellate Division of the Supreme Court in the second judicial department, entered May 23, 1924, which reversed an order of Special Term denying a motion for an examination before trial as to the property and income of appellant during the years 1911 to 1923 inclusive. The action was brought to cancel and declare void a certain alleged separation agreement between respondent and appellant, dated December 5, 1910, on the grounds that it was procured through fraud and duress and that the provision made therein for respondent’s support is unfair, unjust, inequitable, unconscionable and grossly inadequate. The following question was certified: 1 Under the allegations of the complaint and answer in this case, is the evidence of defendant Brown’s income and the character and extent of his property, both real and personal, during the years 1911, 1912, 1913, 1914, 1915, 1916, 1917, 1918, 1919, 1920, 1921, 1922 and 1923 relevant, material and proper? ’ * * * Order affirmed, with costs; question certified answered in the affirmative; no opinion.” (Emphasis supplied.)
In Rosenthal v. Rosenthal (230 App. Div. 483) the First Department in 1930 likewise followed the cases set forth above. This action was by a wife to set aside and cancel a separation agreement, and the plaintiff sought an examination with reference to the husband’s financial condition during the year the agreement was made and up to the time of trial, in order that she might ascertain the financial condition of the husband and obtain support in keeping therewith. The court said (p. 485) : “ In Harding v. Harding (203 App. Div. 721), which was after-wards affirmed by the Court of Appeals (236 N. Y. 514), the court held that a wife who has brought an action to set aside *714 a separation agreement on the ground that the lump sum which her husband paid to her was inadequate, inequitable and unjust, and that the contract was improvidently made by her, is entitled to examine her husband before trial as to his present financial condition, and should not be limited to an examination of his financial condition at the time the agreement was made, and that a husband’s obligation to support his wife exists notwithstanding any separation agreement or any payment made thereunder to his wife.”
It appears, therefore, that under a complaint in an action to set aside such an agreement, the plaintiff has a right, when the application is made in good faith, to examine the defendant, not only with reference to his financial condition during the year the agreement was made, but up to the time of trial, in order that she may ascertain that financial condition and obtain support in keeping therewith. (Vose v.Vose, 250 App. Div. 883.)
Thereafter, in 1944, the Appellate Division, First Department, in Frank v. Frank (267 App. Div. 505) held that an order denying the plaintiff’s motion for examination of the husband before trial would be reversed and the motion granted in the action wherein it was sought to set aside an antenuptial agreement and for a decree of separation. “ While it is unusual to- grant examinations before trial as to the husband’s means in a separation action, this rule does not apply where it is neccessary as here to show that a separation agreement has been procured by fraud and makes inadequate provision for the wife. As was said by Mr. Justice, now Presiding Justice, Martin", in Rosenthal v. Rosenthal (230 App. Div. 483, 485): 1 It appears, therefore, that under a complaint in an action to set aside such an agreement, the plaintiff has a right, when the application is made in good faith, to examine the defendant, not only with reference to his financial condition during the year the agreement was made, but up to the time of trial, in order that she may ascertain that financial condition and obtain support in keeping therewith.’ ” (267 App. Div. 506. Emphasis supplied.)
While these cases antedate the promulgation of rule XI of the Trial Term Rules of New York County, the rationale of the decisions is still controlling, for the rule in subdivision 7 states: £< The right to or the scope of examination before trial shall remain unchanged by reason of the adoption of this rule.” It would appear, therefore, that what was the rule with respect to examinations in separation actions prior to the rule still remains the law at the present time.
The defendant urges that the action is a matrimonial action, because a separation action arises out of a marriage. This *715 contention cannot be sustained, for every separation agreement must be based upon a marriage. The cases cited above clearly show that, while this agreement arises out of a marriage, it is not considered a matrimonial action. If the courts'or Legislature had intended that these agreements be matrimonial matters, they would have so indicated. The facts are to the contrary. For example, the Legislature has not provided for counsel fees in connection with separation agreements, and the courts likewise have not permitted counsel fees in connection with such agreements. This is supported by Marston v. Marston (6 A D 2d 786) wherein the court modified a judgment, stating: “ This was not a matrimonial action within the purview of section 1169 of the Civil Practice Act, and under the circumstances here presented there was no basis for the finding that the legal services were rendered as necessaries for the defendant wife.” This case went to the Court of Appeals (6 N Y 2d 925), where the' court affirmed the Appellate Division, which struck out the counsel fees. The final sentence of this decision reads: “ The husband argued in part that the Appellate Division had properly denied counsel fees to his wife’s attorney.”
However, even assuming for the purpose of this motion that this is a matrimonial action, the complaint and affidavit disclose special circumstances which warrant granting the relief sought even though it is in a “ matrimonial context and is associated with another cause of action for a separation ” (Manville v. Manville, 283 App. Div. 780, 781).
The complaint alleges:
5. That at the time of the execution of said alleged agreement, Exhibit “ A ” annexed hereto, and for a considerable period prior and subsequent thereto, plaintiff has been ill, nervous and in a rundown condition, (and her health has been impaired by reason of the continued cruel and inhuman behavior of the defendant, as previously stated,) and she was unable to judge wisely or prudently in relation to her affairs, or to comprehend and understand the full import of said alleged separation agreement, and was readily susceptible to persuasion in respect to acceptance of the terms thereof.
6. That for many years prior to December 19, 1957, and up to and including that date and thereafter, the defendant has continuously concealed the sources and extent of his income and capital assets from the plaintiff; that up to the time of the• execution of said alleged agreement, Exhibit “A” annexed hereto, defendant has refused to reveal to plaintiff the source and extent of his income and capital; that at the time of the execution of said alleged agreement, Exhibit “A” hereto annexed, defendant still refused to reveal said information to plaintiff ; that on December 19, 1957, at the persuasions of her then attorney, Nathan Shapiro, the attorney for the defendant, and the defendant, and because of her ill health and nervous condition, as aforesaid, the plaintiff executed said alleged agreement, Exhibit “A” hereto annexed, without full or proper knowledge and information with respect to defendant’s true financial condition.
*716 7. That subsequent to the execution of said alleged agreement, Exhibit “ A ” hereto annexed, defendant has continuously refused to disclose any information whatsoever with respect to the sources and extent of his income and capital assets to plaintiff, and although plaintiff has duly demanded that her former attorney, Nathan Shapiro, deliver to her all papers and memoranda in connection with her affairs with the defendant, such demands have been refused by the said Nathan Shapiro.
8. That upon information and belief, at the time said alleged agreement, Exhibit “A” annexed hereto, was executed, defendant was a man of substantial means, worth in excess of three and one-half million dollars, which fact plaintiff recently discovered, and was in ignorance of at the time of the execution of said Exhibit “A”.
9. That upon information and belief, the defendant is employed by various corporations, which he owns and controls, and owns various partnership interests; that subsequent to the execution and acknowledgment of said alleged agreement, Exhibit “ A ” hereto annexed, plaintiff has been advised that defendant receives a salary and other forms of remuneration and emolument therefrom well in excess of $85,000 per year, and that his present personal net worth is in excess of four million dollars.
10. That the provisions of said alleged agreement, Exhibit “A” annexed hereto, were and are unjust, inequitable and unconscionable, and the allowance therein provided is grossly inadequate to provide plaintiff with the comforts and necessities of life, to which she is entitled by reason of defendant’s station in life, and the manner and style in which she and the defendant lived as husband and wife for many years.
11. That said alleged agreement, Exhibit “ A ” annexed hereto, is invalid, in that the defendant failed to disclose to the plaintiff the source and amount of his income and the extent of his capital assets at or prior to the time said alleged separation agreement was executed; that had plaintiff knowledge of defendant’s true income and capital, as aforestated, the plaintiff would not have executed and acknowledged Exhibit “A”.
In Hunter v. Hunter (10 A D 2d 291) decided by the Appellate Division, First Department, on April 12, 1960, the court stated (p. 292): “ Notable in this case is that the plaintiff wife does not disclaim sufficient knowledge of the husband’s assets and income before the separation” and further (p. 293): ‘ ‘ Indeed, the record in this case contains no flat assertion by either party as to the husband’s aggregate income before or after the separation.” And further (p. 294): “ Nevertheless, despite the cautious view with regard to granting examinations before trial in matrimonial actions, the courts have not hesitated to allow an examination if it will primarily serve a legitimate purpose. One such purpose would be to provide a wife with the necessary information to establish the pre-separation standard of living, the adequacy of such standard, or the present ability of the husband to maintain the appropriate standard, provided there is a showing that because of her ignorance of the facts or for other reasons it is desirable that she elicit such information before trial. Examinations with respect to these matters are permitted only because, substantively, they are *717 relevant to the amount of the ultimate award to which the wife may be entitled.”
Applying these statements to the allegations of the complaint set forth above, it becomes apparent that the plaintiff has shown her ignorance of the fact, so that an examination is necessary to establish the pre-separation standard of living and other facts which would tend to establish her cause of action to rescind the separation agreement. Accordingly, the motion for examination before trial is granted. However, the examination is limited so that there will be no examination as to paragraph 3 and paragraph 5 of the complaint insofar as it relates to the matter between the words “condition” and “and she was unable ”.
The defendant will appear for examination at Special Term, Part H, of this court on May 25,‘I960, at 11:00 a.m. Pertinent books, records and documents are to be produced pursuant to section 296 of the Civil Practice Act