William E. Brennan, Jr., J.
A separation action heretofore instituted by plaintiff was settled before the Hon. Bernard S. Meter, when reached for trial on May 25, 1959. A stipulation was entered on the record which discontinued the action with prejudice and set forth the terms of a separation agreement which the parties were to embody in a separate written instrument.
In this action, plaintiff seeks to rescind the agreement because of the alleged misrepresentations of the husband concerning his income and assets, and to restore the separation action to the calendar. The defendant now moves to vacate a notice to examine him before trial with respect to all relevant issues including his financial condition from the date of marriage to plaintiff in 1941 to the present time.
That the plaintiff has a right of examination is established by a long line of authority (Harding v. Harding, 236 N. Y. 514, affd. 203 App. Div. 721 ; Brown v. Brown, 239 N. Y. 518, affd. 209 App. Div. 835 ; Rosenthal v. Rosenthal, 230 App. Div. 483 ; Sholes v. Sholes, 17 Misc 2d 796), which also authorizes examination not only with reference to the defendant’s financial condition during the year the stipulation was made, but up to the time of trial (Rosenthal v. Rosenthal, supra, p. 485 ; Sholes v. Sholes, supra, p. 798). The examination into financial condition will accordingly be limited to that period and the notice modified accordingly.
The proper place for examination urged by defendant and conceded by plaintiff is Nassau County. The short order made hereon modifies the notice in that respect.