Mario Pittoxi, J.
This is a motion for an examination before trial in an action seeldng a judgment declaring, as null and void, an Alabama divorce decree, and a separation agreement incorporated therein.
The plaintiff’s amended complaint states she was fraudulently induced to obtain the Alabama decree, which she alleges is *246 invalid, and claims the separation agreement made part thereof was procured through misrepresentations made by the defendant of his assets.
The answer interposes a general denial, and sets forth affirmative defenses of estoppel, ratification, merger, and a partial defense of continued acceptance of the payments under the separation agreement.
The examination of the defendant with regard to his income and assets and general financial condition is opposed, and the plaintiff’s right to require production, pursuant to section 324 of the Civil Practice Act, of bank document, business or corporate records and income tax returns since 1954, is also contested.
The parties to this action were married in 1942, and there are two boys of the marriage. An action for separation, heretofore instituted by the wife in 1956, culminated upon the execution of a separation agreement, dated December 21, 1956. Thereafter, and on January 29, 1959, the plaintiff secured an Alabama divorce decree in which a modified version of the separation agreement was incorporated. Both the original and amended separation agreements are alleged to have been fraudulently obtained, and are also described as inequitable and improvident. The observation is made that no matrimonial relief is demanded other than to declare the foreign divorce decree null and void.
The right of a plaintiff, in an action to rescind a separation agreement, to examine the defendant with respect to his income and assets is established (Brown v. Brown, 209 App. Div. 835, affd. 239 N. Y. 518; Harding v. Harding, 203 App. Div. 721, affd. 236 N. Y. 514; Rosenthal v. Rosenthal, 230 App. Div. 483; Sholes v. Sholes, 17 Misc 2d 796). Notable in this case, however, is the circumstance that the plaintiff’s complaint is entirely conclusory with respect to the allegations of fraud, misrepresentation and undue influence practiced by the defendant to procure execution of the separation agreements. The complaint also fails to state any facts to substantiate the charges made. The motion papers, furthermore, are equally vague and indefinite as to facts to be established. Examination of an adversary in support of such pleadings is therefore denied (Grandview Dairy v. New York City Finest Foods Co., 14 A D 2d 541). Examination, therefore, on items 1 and 3 (a) (b) is not warranted. Item 6 is allowed on matters which do not pertain to the income and assets of the defendant. The motion is accordingly denied as to items 1 and 3 (a) (b), and is granted in all other respects.