■ FLEET NATIONAL BANK, as Assignee of First Vermont Bank & Trust Company, Respondent, v GERALD A. HARLEY, Appellant, and JACQUELINE A. HARLEY, Respondent.—Yesawich, Jr., J. Appeal (1) from an order of the Supreme Court (McDermott, J.), entered July 7, 1988 in Rensselaer County, which, *inter alia,* granted plaintiff's motion for summary judgment, and (2) from the judgment entered thereon.

In 1976, defendant Gerald A. Harley (hereinafter defendant) and his wife, defendant Jacqueline A. Harley (hereinafter Harley), obtained a joint Master Charge credit card from First Vermont Bank & Trust Company. On September 3, 1984, defendant and Harley separated; a formal separation agreement, however, was not entered into at that time.

Plaintiff, as assignee of First Vermont Bank & Trust Company, commenced the present lawsuit in November 1986 to recover the outstanding balance on the joint account. In his answer defendant denied liability for the debt and asserted as an affirmative defense that Harley was solely responsible therefor. Defendant also cross-claimed against Harley for indemnification in the event plaintiff recovered against him; Harley did not respond to defendant's cross claim.

Supreme Court granted plaintiff's motion for summary judgment against defendant for all charges on the account incurred prior to September 3, 1984, together with interest thereon. Plaintiff was also awarded summary judgment against both defendant and Harley for purchases made from and after the date the parties separated through December 2, 1984, the date of the last charge, together with interest, and plaintiff's counsel fees were apportioned between the parties. Defendant's cross motion for a default judgment against Harley for her share of the debt and alternatively for indemnification was denied pending action in the parties' unresolved divorce proceeding. This appeal by defendant followed; we affirm.

Defendant is not, as he urges, entitled to a default judgment against Harley merely because she failed to answer his cross claim. CPLR 3011 requires an answer only where the cross claim expressly demands one. Inasmuch as an answer was not demanded, the cross claim is statutorily deemed denied or avoided. And Harley's failure to contest defendant's cross

motion does not entitle defendant to summary judgment against her. Although her inadvertence, if that be the case, in neglecting to challenge allegations made by defendant in his moving papers requires Supreme Court to accept them as true *(see, Kuehne & Nagel v Baiden,* 36 NY2d 539, 544), summary judgment is still inappropriate because of Family Court Act § 412 which imposes a duty on each spouse to support the other. Thus, to be entitled to summary relief defendant was obliged to demonstrate, but has not done so, that this statute is inapplicable.

Defendant's suggestion that Supreme Court incorrectly granted summary judgment in favor of a nonmoving party in a matrimonial action is also misplaced as Harley neither sought nor was granted any such relief. Furthermore, the instant action is one to recover a debt.

Nor was Supreme Court's disposition of defendant's cross motion for indemnification gender based, as defendant maintains. Although the court adverted to *Tirrell v Tirrell* (232 NY 224) for the proposition that a husband has a duty to support his wife, the court plainly recognized that gender distinctions have been eliminated *(see, Matter of Kvassay v Kvassay,* 127 AD2d 903, 904) and based its holding upon the respective financial circumstances of defendant and Harley, not their sex *(see,* Family Ct Act § 412).

Lastly, there is nothing in the record to substantiate defendant's claim that Harley has been guilty of gross misconduct precluding her from receiving any support.

Order and judgment affirmed, without costs. Mahoney, P. J., Mikoll, Yesawich, Jr., Mercure and Harvey, JJ., concur.