Vincent A. Lupiano, J.
Motion by defendant to vacate notice of examination before trial. Plaintiff’s notice seeks an examination “ with respect to the relevant and material allegations of fact put in issue by the pleadings in the action. This examination is limited to the non-matrimonial causes of action *408 alleged in plaintiff’s complaint and put in issue by defendant’s answer; that is, the Third and Fourth Causes of Action contained in paragraphs 33 through 43 of the complaint.”
At the outset, it should be noted that though plaintiff “limits” the examination to the third and fourth causes of action the examination sought thereto is in a general form of statement as rule 121-a of the Rules of Civil Practice, allows “ except [in] those [actions] in which by local rule or decision the party seeking the examination is required to establish special circumstances in order to obtain the examination ”.
The complaint sets forth four causes of action. The third cause is one for moneys expended by plaintiff from her separate estate; the fourth cause is for conversion.
The first two causes are for a separation based upon cruel and inhuman treatment and nonsupport. A study of the pleading discloses that certain allegations contained in the third and fourth causes of action (the so-called nonmatrimonial actions) are common to the first and second which, of course, are matrimonial causes.
Plaintiff argues that she need not show special circumstances since the examination is directed to “ non-matrimonial ” causes not affected by any “ special circumstances ” required in matrimonial actions within the purview of rule 121-a of the Rules of Civil Practice and rule XI of the New York County Supreme Court Rules (Trial Terms) and decisional law. I would agree that if plaintiff had brought one suit containing the two causes of action for conversion and for recovery of money as pleaded, she would not be faced with the instant problem. In these pleadings and examination sought, however, I cannot uphold her argument.
In Manville v. Manville (283 App. Div. 780, 781), in an analogous situation, the Appellate Division, First Department, said that each cause of action “ arises in a matrimonial context ” and “ [i]f plaintiff is to have the examination sought she must show facts indicating both that the cause has merit and that special circumstances suggest that the examination will be necessary.”
For initial understanding, rule 121-a, insofar as that rule is applied in the First and Second Departments, has not altered the course of the courts with respect to pretrial examinations in matrimonial actions. Moreover, rule XI of the New York County Supreme Court Rules (Trial Terms) is in keeping with what was said by the Appellate Division, First Department in Tausik v. Tausik (280 App. Div. 887) which was decided before *409 the enactment of that rule. The court, then, stated: “We do not rule that an examination before trial on specific issues on a showing of special circumstances will never be allowed in any matrimonial action. It is sufficient to observe that such examination Avill generally not be necessary and, as a matter of policy, a general examination Avill not be allowed. ’ ’
It would seem, therefore, that if the examination were alloAved, as sought, apart from the fact that a general examination Avill not be alloAved, certain issues in the matrimonial causes would be subject matter of pretrial examination Avithout first establishing the right to such examination upon the basis of special circumstances (see rule 121-a and rule XI). Thusly, an examination granted in a cause of action Avould be granted upon issues pleaded in and peculiar to a matrimonial cause therein, without showing the special circumstances needed for pretrial development of those issues. Resultinglv, such evidence derived therefrom would be used Avith respect to the causes of action matrimonial in nature. In effect, this would become a roundabout way of circumventing the cited rules by the joinder, in one complaint, of nonmatrimonial causes with those matrimonial in nature.
Yet, plaintiff need not be thwarted in her pretrial purpose, and Wightman v. Wightman (7 A D 2d 859) offers solution to the instant problem. In WigMman plaintiff instituted an action for a separation and for recovery of money alleged to be OAving under an agreement; the defendant counterclaimed, inter alia. for rescission of the agreement and for recovery of money alleged to be paid pursuant to the agreement and otherAvise. Just as in our case, nonmatrimonial causes Avere involved and the court (App. Div., 2d Dept.) stated: “In vícav of the fact that many issues as to which an examination might be proper in connection with the nonmatrimonial causes are also issues in the separation cause, it is not feasible to permit an examination in the nonmatrimonial causes under the general form of statement as to the scope of the examination Avhich rule 121-a would permit.” The court then, in effect, modified the broad examination by disalloAving the examination “without prejudice to any motion Avhich defendant might be advised to make for an order directing that plaintiff be examined before trial upon itemized particular issues, in support of which motion defendant shall show, as to any such issues which are involved in the action for separation, that special circumstances exist which render it justifiable to order examination as to those issues.”
*410 Within the ambit of that case, a proper way of separating the issues peculiar to the matrimonial causes from those which also find themselves in the companion “ non-matrimonial ” causes, is precisely suggested.
Accordingly, the motion is granted without prejudice to an appropriate motion as indicated hereinabove.