Vincent A. Lupiano, J.
Plaintiff wife moves to vacate a notice of examination before trial served by defendant husband. The complaint in this action pleads three causes; the first and second for separation are based on cruel and inhuman treatment and abandonment respectively; in the third cause plaintiff seeks to set aside a so-called reconciliation agreement on the grounds that it was obtained by fraud and duress and violates public policy. Plaintiff’s first cause of action alleges, inter alia, that defendant’s conduct leading to the execution of the aforesaid agreement constitutes part of the cruel and inhuman treatment pleaded therein. Plaintiff’s third cause of action reiterates and realleges some of the material allegations of the first cause of action relating to the charge of cruel and inhuman treatment, and in paragraphs Tenth and Thirteenth of the complaint cruel *213 treatment is also set forth. Defendant has pleaded the aforesaid agreement as an affirmative defense to plaintiff’s first and second causes of action for separation.
The notice of examination in question is general in form and seeks to examine plaintiff “with respect to the relevant and material allegations of fact put in issue by the third separate and distinct cause of action of the complaint, and the defendant’s answer thereto.” Special circumstances have not been shown and defendant claims he needs none for the general examination sought.
It has been repeatedly held in the First Department that pretrial examinations in matrimonial actions will not be permitted in the absence of a clear demonstration of special circumstances and then only as to particular issues (Tausik v. Tausik, 280 App. Div. 887; Field, v. Field, 281 App. Div. 657; Hurwitz v. Hurwitz, 3 A D 2d 744; see, also, Rules Civ. Prac., rule 121-a; New York County Supreme Court Trial Term Rules, rule XI, subd. 7).
The court is mindful that the above rule does not apply in a certain pleading setting wherein a separation agreement is sought to be set aside. Such a cause of action is not then regarded as matrimonial in nature within the purview of the cited rules. (See Harding v. Harding, 236 N. Y. 514; Brown v. Brown, 239 N. Y. 518; Rosenthal v. Rosenthal, 230 App. Div. 483.) While the contention may be advanced that every separation agreement is based upon a marriage the cases cited above indicate that an action involving such an agreement is not considered a matrimonial action. (See, also, Berkey v. Berkey, 24 Misc 2d 711.)
Here, however, where the pleading structure is different, a different problem is posed. For without resorting to the necessity of differentiating between the ordinary separation agreement and the so-called reconciliation agreement, in issue here, it is clear in the instant pleadings that the causes of action for separation and the cause of action to set aside the aforesaid agreement, though separately stated, are interwoven and con-' nected and all arise in a matrimonial context in which the causes are associated with each other. Therefore, for purpose of the present motion, all the causes must be considered matrimonial in nature and the general rule regarding pretrial examination in such actions must be applied. (Manville v. Manville, 283 App. Div. 780.)
The situation here is materially different from that in Sholes v. Sholes (17 Misc 2d 796), relied on by the defendant, and with which this court is familiar. In that case, a limited examination *214 respecting the rescission canse of action was allowed on specific issues, and the order pointedly excluded from the examination issues included in the companion matrimonial cause of action. While special circumstances were noted there in connection with the examination, as specifically allowed, materiality and necessity for the examination were alone required and controlling in respect thereto.
Realistically, ‘ ‘ if the examination were allowed, as sought, apart from the fact that a general examination will not be allowed, certain issues in the matrimonial causes would be subject matter of pretrial examination without first establishing the right to such examination upon the basis of special circumstances (see rule 121-a and rule XI). Thusly, an examination granted in a cause of action would be granted upon issues pleaded in and peculiar to a matrimonial cause therein, without showing the special circumstances needed for pretrial development of those issues. Resultingly, such evidence derived therefrom would be used with respect to the causes of action matrimonial in nature. In effect, this would become a roundabout way of circumventing the cited rules by the joinder, in one complaint, of nonmatrimonial causes with those matrimonial in nature ” (Wilde v. Wilde, 28 Misc 2d 407, 409).
The Wilde case is apposite. This court, in that case, applied the rule enunciated in Wightman v. Wightman (7 A D 2d 859) which also involved a pretrial examination problem similar to ours, in a similar matrimonial context.
In the Wilde case, the court said (p. 409): “ Yet, plaintiff need not be thwarted in her pretrial purpose, and Wightman v. Wightman (7 A D 2d 859) offers solution to the instant problem. In Wightman, plaintiff instituted an action for a separation and for recovery of money alleged to be owing under an agreement; the defendant counterclaimed, inter alia, for rescission of the agreement and for recovery of money alleged to be paid pursuant to the agreement and otherwise. Just as in our case, nonmatrimonial causes were involved and the court (App. Div., 2d Dept.) stated: ‘In view of the fact that many issues as to which an examination might be proper in connection with nonmatrmonial causes are also issues in the separation cause, it is not possible to permit an examination in the nonmatrimonial causes under the general form of statement as to the scope of the examination which rule 121-a would permit. ’ The court then, in effect, modified the broad examination by disallowing the examination ‘ without prejudice to any motion which defendant might be advised to make for an order directing that plaintiff be examined before trial upon itemized particular issues, in *215 support of which motion defendant shall show, as to any such issues which are involved in the action for separation, that special circumstances exist which render it justifiable to order examination as to those issues.’ Within the ambit of that case, a proper way of separating the issues peculiar to the matrimonial causes from those which also find themselves in the companion ‘ non-matrimonial ’ causes, is precisely suggested. ’ ’ Therefore, the motion to vacate the notice of examination herein is granted without prejudice to an appropriate motion as indicated hereinabove.