Lawrehce H. Cooke, J.
In this action plaintiff seeks a declaratory judgment: (1) that plaintiff is the lawful wife of defendant Arthur A. Goldberg; (2) that the marriage between the defendants is invalid and void; and (3) that the purported divorce obtained by defendant Arthur A. Goldberg against plaintiff in Mexico is invalid and void. Here, plaintiff seeks to examine the answering defendant, Jean Sonnenberg, also known as Jean Goldberg, as to “ all the relevant facts raised by the pleadings in this action.” Said answering defendant opposes the application for said examination contending that she is a nonresident of New York State residing in New Jersey and seeking no affirmative relief and further that examinations before trial are not permitted in matrimonial actions unless special circumstances are shown and then only as to particular issues.
Rule 121-a of the Rules of Civil Practice, as amended and effective March 1,1958, provides in part as follows: ‘ ‘ The notice of taking testimony by deposition shall contain the title of the action and be subscribed with the name and address of the person giving the same. In an action to recover damages for personal injuries or brought pursuant to section 130 of the Decedent Estate Law, or to recover damages for an injury to property brought in connection therewith, it shall be sufficient if, as to matters upon which a person is to be examined, the notice shall state ‘ all of the relevant facts and circumstances in connection with the accident, including negligence, contributory negligence, liability or damages.’ In all other actions, *19 except those in which by local rule or decision the party seeking the examination is required to establish special circumstances in order to obtain the examination, it shall be sufficient if, as to the matters upon which a person is to be examined, the notice shall state that the examination shall be 1 with respect to the relevant and material allegatioxls of fact put in issue by the pleadings in the action. ’ ” In Wightman v. Wightman (7 A D 2d 859), decided in 1959, it was held: {‘ Rule 121-a of the Rules of Civil Practice has not affected the principle that examinations before trial are not permitted in matrimonial actions unless special circumstances justifying an examination are shown to exist, and then only as to particular issues.” In Mook v. Mook (13 A D 2d 465 [1961]) the Appellate Division stated (pp. 466-467): “ It has been held that as a matter of policy an unlimited and general examination will not be allowed in matrimonial actions. (Tausik v. Tausik, 280 App. Div. 887.) And, as a general rule, in matrimonial actions examination of an opposing spouse before trial will not be allowed unless special circumstances are shown to exist, and then such examinations are permitted only as to particular issues.” (See, also, Wilde v. Wilde, 28 Misc 2d 407 [1961].)
The next and turning point for consideration is as to whether or not the within matter is a matrimonial action. In Kraunz v. Kraunz (183 Misc. 724) plaintiff sought a declaratory judgment among other things declaring a Nevada divorce obtained by defendant null and void and also that the plaintiff and defendant were still husband and wife. The court held at page 726: “ This is significant language and is a clear recognition of the right of the court to award counsel fees in an action for a declaratory judgment when by its nature such action is in effect á matrimonial action. It is a matrimonial action if it seeks a determination of the marital status of the parties and is brought or defended in an endeavor to sustain or prevent the destruction of such marital status.” In Kiebler v. Kiebler (170 Misc. 81) Judge Fboessel declared at page 83: “ Thus, while plaintiff seeks a declaratory judgment under section 473 of the Civil Practice Act, it is clearly matrimonial in nature, and in my opinion may be deemed to be a ‘ matrimonial action ’ within the purview of section 1168 of the Civil Practice Act.”
This being deemed a matrimonial action and in view of the fact that the moving party is seeking a general examination, the application is denied, without prejudice to a motion by plaintiff for an examination upon itemized particular issues.