Harold Tessler, J.
Motion by defendant to vacate or modify plaintiff’s notice to examine him before trial upon all of the relevant and material facts put in issue by the pleadings.
The complaint contains four causes of action. Under the first, plaintiff seeks a judgment declaring that a Mexican divorce decree obtained by defendant is invalid and that she is his lawful wife; under the second and third, plaintiff seeks a judgment of separation upon the grounds, respectively, of abandonment and adultery; and, under the fourth, plaintiff seeks a judgment of divorce. Virtually all of the factual allegations are contained in the first and third causes of action. For her second and fourth causes, plaintiff simply incorporates by reference certain specified allegations contained in the cause immediately preceding.
In the opinion of this court no change in the former procedure relative to examinations before trial in matrimonial actions has *83 been effected by the Civil Practice Law and Rules. True, no action is specifically excepted from the language contained in subdivision (a) of section 3101, dealing with the scope of disclosure. No action, however, was specifically excepted from the even broader language contained in the opening sentence of section 288 of the Civil Practice Act and in rule 121-a of the Rules of Civil Practice, as originally adopted. Yet actions were excepted and rule 121-a, as thereafter amended, reflected the fact that such exceptions existed.
That the revisers of civil procedure in this State originally intended to abolish the court-made limitations on disclosure under the former procedure is clear. (See First Preliminary Report of the Advisory Committee on Practice and Procedure [N. Y. Legis. Doc., 1957, No. 6[b]], pp. 118, 446-448.) Substantial change, however, was made in the language of the pertinent subdivision of the rule originally recommended (34.1, subd. [a]), and in its Sixth Report to the Legislature (N. Y. Legis. Doc., 1962, No. 8) the Senate Finance Committee expressed its intent to continue the 1 ‘ present scope of disclosure ” (id., pp. 30, 43).
The Civil Practice Law and Rules are, to be sure, to be “ liberally construed to secure the just, speedy and inexpensive determination of every civil judicial proceeding ” (§ 104), but the Civil Practice Act, too, was to be “ liberally construed ’ ’ (§ 2). There is, in the opinion of this court, no more magic in the new language than there was in the old, and the basic policy considerations which led to the exception under the former procedure are no less valid now than they were then (e.g., see Hunter v. Hunter, 10 A D 2d 291, 293-294, mod. 10 A D 2d 937).
Prior to the effective date of the Civil Practice Law and Rules (Sept. 1, 1963), unlimited and general examinations in matrimonial actions were not permitted in this Department. (Applebaum v. Applebaum, 273 App. Div. 966; Shatz v. Shatz, 248 App. Div. 594.) Examination on a general form of statement was not even permitted as to a nonmatrimonial cause where issues pertinent thereto were also issues in a matrimonial cause. (Wightman v. Wightman, 7 A D 2d 859.) Upon a showing of special circumstances and on particular issues examinations were permitted, for example, in actions to annul a marriage (Argondizza v. Argondizza, 284 App. Div. 976) and as to financial circumstances (see Kirshner v. Kirshner, 7 A D 2d 202; Wightman v. Wightman, supra; Campbell v. Campbell, 7 A D 2d 1011; Bishop v. Bishop, 15 A D 2d 494).
As noted in the opening paragraph of this memorandum, plaintiff seeks to examine the defendant before trial upon all *84 of the relevant and material facts put in issue by the pleadings. This she may not do. Nevertheless, although all- of plaintiff’s four causes of action are matrimonial in nature (CPLR 105, subd. [m]; Goldberg v. Goldberg, 33 Misc 2d 18), the factual issues material and necessary to plaintiff’s cause of action to establish the invalidity of the Mexican decree do not, in a strict sense, relate to the relations between the parties during their marriage (cf. Grinnell v. Grinnell, 15 A D 2d 468 [1st Dept.]).
Accordingly, the notice is modified and plaintiff limited to an examination of the defendant upon the factual matters alleged in paragraphs 12 through 16 of the complaint which defendant has put in issue. Sufficient special circumstances exist to warrant such an examination and the matters upon which examination is permitted have been stated with sufficient particularity in the relevant paragraphs of the complaint to make it unnecessary to relegate plaintiff to a motion for such relief. (See CPLR 3101, subd. [a], par. [4].)