Domenick L. Gabrielli, J.
In this separation action, plaintiff moves to strike the case from the calendar, vacate the statement of readiness, and for an order to examine the defendant before trial.
*819 Upon the papers submitted to the court, it appears that the only basis for plaintiff’s request for relief is that there has been no examination before trial.
This action was commenced on October 25, 1963. Upon the papers, there is no showing that plaintiff is, in this type of action, entitled to any such examination.
Under the Civil Practice Law and Buies there has been no change in the former procedure relative to examination before trial in matrimonial actions. The revisers of practice procedure had originally intended to do away with limitations on disclosure proceedings, but these recommendations were not adopted (see Sixth Beport to the Legislature by the Senate Finance Committee — Belative to Bevision of the Civil Practice Act, N. Y. Legis. Doc., 1962, No. 8) and the Senate Finance Committee expressed its intent to continue the “present scope of disclosure ” (id., pp. 30, 43).
Although the Civil Practice Law and Bules are to be liberally construed, there is no more magic in the new language than there was in the old. There were no special circumstances shown, and, in matrimonial actions of this nature and under these circumstances, an examination before trial will not be allowed (O’Donovan v. O’Donovan, 41 Misc 2d 82).
Pretrial examinations should still be limited ‘ ‘ in certain kinds of actions where experience indicates a risk that the examination will be unduly burdensome to one or more parties ’ ’ (3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3101.14).
In cases of examinations before trial in matrimonial actions, the possibility of abuse is so great that the burden should be placed upon the party seeking the examination. (See Hunter v. Hunter, 10 A D 2d 291, 294.) The burden has not here been met.
It is of further interest to here note that prior to the commencement of the present term of court, plaintiff’s counsel telephoned and requested one of the court officials to arrange for a day certain for trial. This request has been granted. The case was marked for trial for April 30, 1964. The plaintiff cannot now be heard to complain. Motions denied.